ANN M. ASIANO      (SBN 094891)
LOREN B. HOPKINS (SBN 219256)
BRADLEY, CURLEY, ASIANO, BARRABEE & CRAWFORD, P.C.
1100 Larkspur Landing Circle
Suite 200
Larkspur, CA  94939
Telephone:  (415) 464-8888
Facsimile:  (415) 464-8887
ama@professionals-law.com
lhopkins@professionals-law.com

Attorneys for Defendants
CITY OF ALBANY and
OFFICER MANNY TORREZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OLIVER MEYER,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF ALBANY, a public entity;<br>OFFICER MANNY TORREZ #16; and<br>DOES 1-10, Jointly and Severally,<br><br>          Defendants.<br>_____ | No. **C 07 3755 JCS**<br><br>**ANSWER BY DEFENDANTS CITY OF ALBANY AND OFFICER MANNY TORREZ TO PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Pursuant to Rule 8 of the FEDERAL RULES OF CIVIL PROCEDURE, Defendants City of Albany and Officer Manny Torrez (hereinafter collectively the "Answering Defendants ") answer Plaintiff's Complaint as follows:

1.     As to Paragraph 1 of the Complaint, these Answering Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations regarding either Plaintiff's alleged age, occupation or Plaintiff's arrest/detainment record.

///

BRADLEY, CURLEY,
ASIANO, BARRABEE &
CRAWFORD, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

- 1 -

ANSWER BY DEFENDANTS CITY OF ALBANY AND OFFICER MANNY TORREZ  TO PLAINTIFF'S COMPLAINT FOR DAMAGES

2.     As to Paragraph 2 of the Complaint, these Answering Defendants admit to the night in question of April 15, 2007, the City of Albany's officer, Manny Torrez was on duty and stopped Plaintiff and his two friends.  These Answering Defendants deny all other allegations as contained in this paragraph based on lack of information of defense counsel at this time.

3.     Answering Paragraph 3 of the Complaint, these Answering Defendants deny all allegations as contained in this paragraph based on lack of information of defense counsel at this time regarding the exchanges that took place on April 15, 2007 by and between Plaintiff and Defendant Officer Manny Torres.  These Answering Defendants further deny all allegations regarding the use of force by Defendant Officer Manny Torres.

4.     Answering Paragraphs 4, these Answering Defendants admit that handcuffs were used on April 15, 2007, but otherwise deny all allegations as contained in this paragraph based on lack of information of defense counsel at this time.

5.     Answering Paragraph 5, these Answering Defendants deny all allegations as contained in this paragraph regarding any action on the part of Defendant Officer Manny Torrez as calculated to torture Plaintiff. Moreover, these Answering Defendants deny the length of time Plaintiff was handcuffed in a particular position.

6.     Answering Paragraph 6, these Answering Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's injuries be they physical, emotional or psychological.

7.     Answering Paragraph 7, these Answering Defendants admit that Defendant Officer Torrez detained Plaintiff on the night of April 15, 2007, but otherwise deny the characterization that the detainment of Plaintiff was an "unreasonable seizure" and deny that excessive force was ever used. Defendants further deny that the location was in Berkeley.  These Answering Defendants admit these statutory and constitutional provisions under which the action is brought confer jurisdiction.  However, these Answering Defendants otherwise lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations regarding the amount in controversy.

///

BRADLEY, CURLEY,
ASIANO, BARRABEE &
CRAWFORD, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

- 2 -

ANSWER BY DEFENDANTS CITY OF ALBANY AND OFFICER MANNY TORREZ  TO PLAINTIFF'S COMPLAINT FOR DAMAGES

8.    Answering Paragraph 8, these Answering Defendants admit to the supplemental jurisdiction of the Court to hear and decide state law claims.

9.    Answering Paragraph 9, these Answering Defendants admit based on information and belief that the events occurred in Alameda County and thus, that the Northern District Court is the appropriate forum.

10.    Answering Paragraph 10, these Answering Defendants deny the allegations regarding Plaintiff's residence based on lack of information.

11.    Answering Paragraph 11, Defendant City of Albany admits that the City is a municipal corporation which was organized under the laws of the State of California and, as such, gives authorization to the Albany Police Department, including authority regarding its operation.

12.    Answering Paragraph 12, Defendant City of Albany admits that Defendant Officer Manny Torrez was/is an employee, agent and servant of the City of Albany at all times relevant to this action.

13.    Answering Paragraph 13, Defendant City of Albany admits that Defendant Officer Manny Torrez was working during the course and scope of his employment at all times relevant to this action.

14.    Answering Paragraph 14, these Answering Defendants deny that all of the actions giving rise to the lawsuit occurred in Berkeley, California.  Based on information and belief, the events occurred in Albany, California.

15.    Answering Paragraph 15,  these Answering Defendants deny all allegations as contained in this paragraph regarding true names and capacities of fictitious defendants and their respective relationship to Defendant City of Albany based on lack of information of defense counsel at this time.

16.    Answering Paragraph 16,  these Answering Defendants deny all allegations regarding any negligence, wrongful or otherwise irresponsible conduct on their part and as contained in this paragraph regarding based on lack of information of defense counsel at this time. Morever, these Answering Defendants deny all allegations regarding any action on the part of Defendants on the night of April 15, 2007 as being the proximate cause of injuries or damages to

BRADLEY, CURLEY,
ASIANO, BARRABEE &
CRAWFORD, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 3 -

ANSWER BY DEFENDANTS CITY OF ALBANY AND OFFICER MANNY TORREZ  TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff. Defendant City of Albany admits that it was responsible for the hiring, training, supervision and discipline of Defendant Officer Manny Torrez at all material times to this action.

17.　　Answering Paragraph 17, Defendant City of Albany admits to the allegations that Defendant Officer Manny Torrez was an agent, servant, employee of Defendant City of Albany. Defendant City of Albany denies the allegations that Defendant Officer Manny Torrez was a partner, joint venturer, co-conspirator or alter-ego of Defendant City of Albany based on the mischaraterization and misuse of these terms. Defendant City of Albany has already admitted in Paragraph 13 that Defendant Officer Manny Torrez was acting within the course and scope of his employment with Defendant City of Albany and therefore denies as to this paragraph on the basis of the repetitive nature of the allegation. Defendant City of Albany admits that it gave its consent, aid and assistance to Defendant Officer Manny Torrez in its employment relationship and as such, ratified and authorized Defendant Officer Manny Torrez' acts or omissions or omissions and omissions.

18.　　Answering Paragraph 18, these Answering Defendants deny all allegations as contained in this paragraph based on lack of information of defense counsel at this time.

19.　　Answering Paragraph 19, these Answering Defendants deny all allegations as contained in this paragraph based on the vagueness of the wording of the allegations. These Answering Defendants admit that they were in compliance with the law, statutes, ordinances and regulations of the State of California.

20.　　Answering Paragraph 20, these Answering Defendants deny all allegations as contained in this paragraph based on lack of information of defense counsel at this time.

21.　　Answering Paragraph 21, these Answering Defendants deny allegations as contained in this paragraph.

22.　　Answering Paragraph 22, these Answering Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23.　　Answering Paragraph 23, these Answering Defendants admit to the night in question as being April 15, 2007 and that Plaintiff was accompanied by two friends, based on

BRADLEY, CURLEY,
ASIANO, BARRABEE &
CRAWFORD, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

- 4 -

ANSWER BY DEFENDANTS CITY OF ALBANY AND OFFICER MANNY TORREZ  TO PLAINTIFF'S COMPLAINT FOR DAMAGES

1 information and belief.  However, these Answering Defendants deny the precise time.

2    24.    Answering Paragraph 24, these Answering Defendants lack sufficient knowledge or

3 information sufficient to form a belief as to the truth of the allegations contained in

4 this paragraph.

5    25.    Answering Paragraph 25, these Answering Defendants deny all allegations as

6 contained in this paragraph based on lack of information of defense counsel at this time.

7    26.    Answering Paragraph 26, these Answering Defendants deny all allegations as

8 contained in this paragraph based on lack of information of defense counsel at this time.

9    27.    Answering Paragraph 27,  these Answering Defendants deny all allegations as

10 contained in this paragraph based on lack of information of defense counsel at this time.

11    28.    Answering Paragraph 28,  these Answering Defendants deny all allegations as

12 contained in this paragraph based on lack of information of defense counsel at this time.

13    29.    Answering Paragraph 29, these Answering Defendants deny all allegations as

14 contained in this paragraph based on lack of information of defense counsel at this time.

15    30.    Answering Paragraph 30, these Answering Defendants deny all allegations as

16 contained in this paragraph regarding the exchange between Officer Manny Torrez and Plaintiff

17 based on lack of information of defense counsel at this time.  As to the detainment, these

18 Answering Defendants admit that Plaintiff was detained by Defendant Officer Manny Torrez.

19    31.    Answering Paragraph 31, these Answering Defendants deny all allegations

20 contained in this paragraph as to how the exchange between Defendant Officer Manny Torrez and

21 Plaintiff actually occurred based on lack of information of defense counsel at this time.  These

22 Answering Defendants also deny the allegation that Defendant Officer Manny Torrez pushed

23 Plaintiff onto the hood of Defendant Officer Manny Torres' vehicle.  These Answering Defendants

24 deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or

25 omissions of Answering Defendants.

26    32.    Answering Paragraph 32, these Answering Defendants deny all allegations as

27 contained in this paragraph based on lack of information of defense counsel at this time.  These

28 ///

BRADLEY, CURLEY,
ASIANO, BARRABEE &
CRAWFORD, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

- 5 -

ANSWER BY DEFENDANTS CITY OF ALBANY AND OFFICER MANNY TORREZ  TO PLAINTIFF'S COMPLAINT FOR DAMAGES

1  Answering Defendants deny that any injuries sustained by Plaintiff on April 15, 2007 can be

2  attributed to the acts or omissions of Answering Defendants.

3        33.    Answering Paragraph 33, these Answering Defendants deny all allegations as

4  contained in this paragraph based on lack of information of defense counsel at this time.

5        34.    Answering Paragraph 34, these Answering Defendants deny all allegations as

6  contained in this paragraph based on lack of information of defense counsel at this time.  These

7  Answering Defendants deny that any injuries sustained by Plaintiff on April 15, 2007 can be

8  attributed to the acts or omissions of Answering Defendants.

9        35.    Answering Paragraph 35, these Answering Defendants deny all allegations as

10  contained in this paragraph based on lack of information of defense counsel at this time.  These

11  Answering Defendants deny that any injuries sustained by Plaintiff on April 15, 2007 can be

12  attributed to the acts or omissions of Answering Defendants.

13        36.    Answering Paragraph 36, these Answering Defendants deny all allegations as

14  contained in this paragraph based on lack of information of defense counsel at this time.  These

15  Answering Defendants deny that any injuries sustained by Plaintiff on April 15, 2007 can be

16  attributed to the acts or omissions of Answering Defendants.

17        37.    Answering Paragraph 37, these Answering Defendants deny all allegations as

18  contained in this paragraph based on lack of information of defense counsel at this time.  These

19  Answering Defendants deny that any injuries sustained by Plaintiff on April 15, 2007 can be

20  attributed to the acts or omissions of Answering Defendants.

21        38.    Answering Paragraph 38, these Answering Defendants deny all allegations as

22  contained in this paragraph based on lack of information of defense counsel at this time.  These

23  Answering Defendants deny that any injuries sustained by Plaintiff on April 15, 2007 can be

24  attributed to the acts or omissions of Answering Defendants.

25        39.    Answering Paragraph 39, these Answering Defendants admit that Plaintiff was

26  taken to a hospital, but otherwise deny all allegations as contained in this paragraph either with

27  respect to one hospital's proximity versus another or any implied significance inherent in this

28  ///

BRADLEY, CURLEY,
ASIANO, BARRABEE &
CRAWFORD, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 6 -

ANSWER BY DEFENDANTS CITY OF ALBANY AND OFFICER MANNY TORREZ  TO PLAINTIFF'S COMPLAINT FOR DAMAGES

paragraph. These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

40.     Answering Paragraph 40, these Answering Defendants admit that Plaintiff was taken to a hospital, but otherwise deny all allegations as contained in this paragraph either with the respect to the length of time handcuffs were used or any requests/refusals for ice. These Answering Defendants admit that handcuffs were used on Plaintiff. However, these Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

41.     Answering Paragraph 41, these Answering Defendants admit that Plaintiff was taken to a hospital, but otherwise deny all allegations as contained in this paragraph either with respect to the use or length of time Plaintiff spent in handcuffs. These Answering Defendants admit that handcuffs were used on Plaintiff. However, these Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

42.     Answering Paragraph 42, these Answering Defendants deny all allegations as contained in this paragraph based on lack of information available to defense counsel at this time. These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

43.     Answering Paragraph 43, these Answering Defendants deny all allegations as contained in this paragraph based on lack of information available to defense counsel at this time. These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

44.     Answering Paragraph 44, these Answering Defendants deny all allegations as contained in this paragraph based on lack of information available to defense counsel at this time.

45.     Answering Paragraph 45, these Answering Defendants deny all allegations as contained in this paragraph based on lack of information available to defense counsel at this time. Moreover, these Answering Defendants deny that there was any use of improper force whatsoever

///

BRADLEY, CURLEY,
ASIANO, BARRABEE &
CRAWFORD, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

ANSWER BY DEFENDANTS CITY OF ALBANY AND OFFICER MANNY TORREZ  TO PLAINTIFF'S COMPLAINT FOR DAMAGES

as to Plaintiff.  These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

46.    Answering Paragraph 46, these Answering Defendants deny all allegations as contained in this paragraph based on lack of information available to defense counsel at this time. Moreover, these Answering Defendants deny that Plaintiff was unreasonably detained.  These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

47.    Answering Paragraph 47, these Answering Defendants deny all allegations as contained in this paragraph based on lack of information available to defense counsel at this time. These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

48.    Answering Paragraph 48, these Answering Defendants deny all allegations as contained in this paragraph based on lack of information available to defense counsel at this time. These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

49.    Answering Paragraph 49, these Answering Defendants deny all allegations as contained in this paragraph based on lack of information available to defense counsel at this time with regard to Plaintiff's exhaustion of remedies available.

## FIRST CAUSE OF ACTION

### 42 U.S.C. §1983

### Excessive Force

### (Against "Defendant Ramirez")

50.    Answering Paragraph 50, these Answering Defendants incorporate their responses to Paragraphs 1 through 40.

51.    Answering Paragraph 51, these Answering Defendants deny all allegations as to "*Defendant Ramirez*" as there is no such Defendant plead or referenced anywhere in Plaintiff's Complaint. Moreover, these Answering Defendants are not answering on behalf of any such "*Defendant Ramirez*." In addition, these Answering Defendants deny the allegations as contained

BRADLEY, CURLEY,
ASIANO, BARRABEE &
CRAWFORD, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

- 8 -

1  in Paragraphs 51 subsections a-d on the grounds that the allegations improperly attempt to argue

2  an issue of law in the Complaint.  In any event, these Answering Defendants deny that any

3  excessive force was ever used and deny that the detention of Plaintiff was unreasonable under the

4  circumstances of Plaintiff's arrest.

5       52.    Answering  Paragraph 52, these Answering Defendants deny all allegations

6  as contained in this paragraph.  These Answering Defendants further deny that any

7  injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of

8  Answering Defendants.

9       53.    Answering  Paragraph 53, these Answering Defendants deny all allegations

10  as contained in this paragraph.  Moreover, Defendant Officer Torrez denies that there was any

11  wrongful conduct on his part.  These Answering Defendants further deny that any

12  injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of

13  Answering Defendants.

14       54.    Answering  Paragraph 54, these Answering Defendants deny all allegations

15  as contained in this paragraph.  Moreover, Defendant Officer Torrez denies that there was any

16  wrongful conduct on his part.  These Answering Defendants further deny that any

17  injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of

18  Answering Defendants.

19       55.    Answering  Paragraph 55, these Answering Defendants deny all allegations

20  as contained in this paragraph.  Moreover, Defendant Officer Torrez denies that there was any

21  wrongful conduct on his part.  These Answering Defendants further deny that any

22  injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of

23  Answering Defendants.

24  ///

25  ///

26  ///

27  ///

28  ///

BRADLEY, CURLEY,
ASIANO, BARRABEE &
CRAWFORD, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

**SECOND CAUSE OF ACTION**

**42 U.S.C. §1983**

**Supervisory and Municipal Liability**

**(Against Defendant City of Albany)**

56.    Answering Paragraph 56, these Answering Defendants incorporate their responses to Paragraphs 1 through 55.

57.    Answering  Paragraph 57, these Answering Defendants deny all allegations as contained in this paragraph.  Moreover, these Answering Defendants deny the allegations as contained in Paragraphs 57 subsections a-g on the grounds that the allegations improperly attempt to argue an issue of law in the Complaint.  In any event, these Answering Defendants deny that any excessive force was ever used and deny that the detention of Plaintiff was unreasonable under the circumstances.  Moreover, Defendant Officer Torrez denies that there was any wrongful conduct on his part.  These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

58.    Answering  Paragraph 58, these Answering Defendants deny all allegations as contained in this paragraph. Moreover, Defendant City of Albany denies that there was any wrongful conduct on the part of Defendant Officer Torrez.  These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

59.    Answering  Paragraph 59, these Answering Defendants deny all allegations as contained in this paragraph.  Moreover, Defendant City of Albany denies that there was any wrongful conduct on the part of Defendant Officer Torrez.  These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

60.    Answering  Paragraph 60, these Answering Defendants deny all allegations as contained in this paragraph.  Moreover, Defendant City of Albany denies that there was any wrongful conduct on the part of Defendant Officer Torrez.  These Answering Defendants further

///

BRADLEY, CURLEY,
ASIANO, BARRABEE &
CRAWFORD, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

ANSWER BY DEFENDANTS CITY OF ALBANY AND OFFICER MANNY TORREZ  TO PLAINTIFF'S COMPLAINT FOR DAMAGES

deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

61.    Answering Paragraph 61, these Answering Defendants deny all allegations as contained in this paragraph. Moreover, Defendant City of Albany denies that there was any wrongful conduct on the part of Defendant Officer Torrez. These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

62.    Answering Paragraph 62, these Answering Defendants deny all allegations as contained in this paragraph. Moreover, Defendant City of Albany denies that there was any wrongful conduct on the part of Defendant Officer Torrez. These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

## THIRD CAUSE OF ACTION

### Violation of Cal. Civ. Code § 52.1

### (Against all Defendants)

63.    Answering Paragraph 63, these Answering Defendants incorporate their responses to Paragraphs 1 through 62.

64.    Answering Paragraph 64, these Answering Defendants deny all allegations as contained in this paragraph. Moreover, these Answering Defendants deny the allegations as contained in Paragraph 64 subsections a-j on the grounds that the allegations improperly attempt to argue an issue of law in the Complaint. In any event, these Answering Defendants deny that any excessive force was ever used and deny that the detention of Plaintiff was unreasonable under the circumstances of Plaintiff's arrest. Moreover, Defendant Officer Torrez denies that there was any wrongful conduct on his part. These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

65.    Answering Paragraph 65, these Answering Defendants deny all allegations as contained in this paragraph. Moreover, these Answering Defendants deny that there was any

BRADLEY, CURLEY,
ASIANO, BARRABEE &
CRAWFORD, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 11 -

ANSWER BY DEFENDANTS CITY OF ALBANY AND OFFICER MANNY TORREZ TO PLAINTIFF'S COMPLAINT FOR DAMAGES

1  wrongful conduct on the part of Defendant Officer Torrez.  These Answering Defendants further

2  deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or

3  omissions of Answering Defendants.

4  ### FOURTH CAUSE OF ACTION

5  ### Negligence

6  ### (Against all Defendants)

7  66.    Answering Paragraph 66, these Answering Defendants incorporate their responses

8  to Paragraphs 1 through 65.

9  67.    Answering Paragraph 67, these Answering Defendants deny all allegations as

10  contained in this paragraph.  Moreover, these Answering Defendants deny the allegations as

11  contained in the same on the grounds that the allegations improperly attempt to argue an issue of

12  law in the Complaint.  In any event, these Answering Defendants deny that any excessive force

13  was ever used and deny that Plaintiff neglected to act with due care in the duties as a peace officer.

14  Moreover, Defendant Officer Torrez denies that there was any wrongful conduct on his part.

15  These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15,

16  2007 can be attributed to the acts or omissions of Answering Defendants.

17  68.    Answering Paragraph 68, these Answering Defendants deny all allegations as

18  contained in this paragraph.  Moreover, these Answering Defendants deny the allegations as

19  contained in the same on the grounds that the allegations improperly attempt to argue an issue of

20  law in the Complaint.  In any event, these Answering Defendants deny that Plaintiff neglected to

21  act with due care in the duties as a peace officer. Moreover, Defendant Officer Torrez denies that

22  there was any wrongful conduct on his part.  These Answering Defendants further deny that any

23  injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of

24  Answering Defendants.

25  69.    Answering Paragraph 69, these Answering Defendants deny all allegations as

26  contained in this paragraph.  Moreover, these Answering Defendants deny the allegations as

27  contained in the same on the grounds that the allegations improperly attempt to argue an issue of

28  law in the Complaint.  In any event, these Answering Defendants deny that any excessive force

BRADLEY, CURLEY,
ASIANO, BARRABEE &
CRAWFORD, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

- 12 -

ANSWER BY DEFENDANTS CITY OF ALBANY AND OFFICER MANNY TORREZ  TO PLAINTIFF'S COMPLAINT FOR DAMAGES

was ever used and deny that Plaintiff neglected to act with due care in the duties as a peace officer. Moreover, Defendant Officer Torrez denies that there was any wrongful conduct on his part. These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

70.    Answering Paragraph 70, these Answering Defendants deny all allegations as contained in this paragraph. Moreover, these Answering Defendants deny the allegations as contained in the same on the grounds that the allegations improperly attempt to argue an issue of law in the Complaint. In any event, these Answering Defendants deny that Plaintiff neglected to act with due care in the duties as a peace officer. Moreover, Defendant Officer Torrez denies that there was any wrongful conduct on his part. These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

71.    Answering Paragraph 71, these Answering Defendants deny all allegations as contained in this paragraph. In any event, these Answering Defendants deny that Plaintiff neglected to act with due care in the duties as a peace officer. Moreover, Defendant Officer Torrez denies that there was any wrongful conduct on his part. These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

72.    Answering Paragraph 72, these Answering Defendants deny all allegations as contained in this paragraph. These Answering Defendants deny that Plaintiff neglected to act with due care in the duties as a peace officer. Moreover, Defendant Officer Torrez denies that there was any wrongful conduct on his part. These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

///

///

///

///

BRADLEY, CURLEY,
ASIANO, BARRABEE &
CRAWFORD, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTH CAUSE OF ACTION

### Assault and Battery

### (Against All Defendants)

73.     Answering Paragraph 73, these Answering Defendants incorporate their responses to Paragraphs 1 through 72.

74.     Answering Paragraph 74, these Answering Defendants deny all allegations as contained in this paragraph. Moreover, these Answering Defendants deny the allegations as contained in the same on the grounds that the allegations improperly attempt to argue an issue of law in the Complaint. These Answering Defendants deny that Plaintiff neglected to act with due care in the duties as a peace officer. Moreover, Defendant Officer Torrez denies that there was any wrongful conduct on his part. These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

75.     Answering Paragraph 75, these Answering Defendants deny all allegations as contained in this paragraph. These Answering Defendants deny that Plaintiff neglected to act with due care in the duties as a peace officer. Moreover, Defendant Officer Torrez denies that there was any wrongful conduct on his part. These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

76.     Answering Paragraph 76, these Answering Defendants deny all allegations as contained in this paragraph. These Answering Defendants deny that Plaintiff neglected to act with due care in the duties as a peace officer. Moreover, Defendant Officer Torrez denies that there was any wrongful conduct on his part. These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

///

///

///

///

BRADLEY, CURLEY,
ASIANO, BARRABEE &
CRAWFORD, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 14 -

# SIXTH CAUSE OF ACTION

## Intentional Infliction of Emotional Distress

### (Against All Defendants)

77.    Answering Paragraph 77, these Answering Defendants incorporate their responses to Paragraphs 1 through 76.

78.    Answering Paragraph 78, these Answering Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations as contained in this paragraph.

79.    Answering Paragraph 79, these Answering Defendants admit that the Albany Police Department's function is to provide safety, service and security to the citizens of California. Moreover, these Answering Defendants admit that the Albany Police Department's officers are vested with authority from the State of California to enforce state laws through the use of reasonable and necessary force. Additionally, these Answering Defendants admit that there are criminal consequences for failure of citizens' to abide by lawful commands of peace officers, but otherwise deny the allegations in the last sentence of this paragraph as vague and a mischaraterization of the Albany Police Department's officers' execution of their duties.

80.    Answering Paragraph 80, these Answering Defendants deny all allegations as contained in this paragraph. These Answering Defendants deny that Plaintiff neglected to act with due care in the duties as a peace officer. Moreover, Defendant Officer Torrez denies that there was any wrongful conduct on his part. These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

81.    Answering Paragraph 81, these Answering Defendants deny all allegations as contained in this paragraph. These Answering Defendants deny that Plaintiff neglected to act with due care in the duties as a peace officer. Moreover, Defendant Officer Torrez denies that there was any wrongful conduct on his part. These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

BRADLEY, CURLEY,
ASIANO, BARRABEE &
CRAWFORD, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 15 -

82.    Answering Paragraph 82, these Answering Defendants admit that Defendant Officer Manny Torrez was an agent and employee of Defendant City of Albany and, as such, was at all times material to the Complaint. Defendant City of Albany further admits that it is liable for the acts of its agents and employees in theory. However, these Answering Defendants deny that Defendant Officer Manny Torrez neglected to act with due care in the duties as a peace officer. Moreover, Defendant Officer Torrez denies that there was any wrongful conduct on his part. These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

83.    Answering Paragraph 83, these Answering Defendants deny all allegations as contained in this paragraph. These Answering Defendants deny that Plaintiff neglected to act with due care in the duties as a peace officer. Moreover, Defendant Officer Torrez denies that there was any wrongful conduct on his part. These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

84.    Answering Paragraph 84, these Answering Defendants deny all allegations as contained in this paragraph. These Answering Defendants deny that Plaintiff neglected to act with due care in the duties as a peace officer. Moreover, Defendant Officer Torrez denies that there was any wrongful conduct on his part. These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

85.    Answering Paragraph 85, these Answering Defendants deny all allegations as contained in this paragraph. These Answering Defendants deny that Plaintiff neglected to act with due care in the duties as a peace officer. Moreover, Defendant Officer Torrez denies that there was any wrongful conduct on his part. These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

///

///

BRADLEY, CURLEY,
ASIANO, BARRABEE &
CRAWFORD, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 16 -

ANSWER BY DEFENDANTS CITY OF ALBANY AND OFFICER MANNY TORREZ TO PLAINTIFF'S COMPLAINT FOR DAMAGES

### FIRST AFFIRMATIVE DEFENSE

### (Negligence of Plaintiff Precludes Recovery)

As and for a First Affirmative Defense, Plaintiff was negligent, reckless and careless in and about the matters alleged in the his Complaint, and such negligence, recklessness and carelessness was the sole and/or contributing proximate cause of his alleged damages. Therefore, Plaintiff is either barred from any recovery, or any recovery awarded must be reduced in proportion to the amount that Plaintiff's conduct contributed to the alleged damages.

### SECOND AFFIRMATIVE DEFENSE

### (Compliance with all Statutes, Regulations and Laws)

As and for a Second Affirmative Defense, all conduct of these Answering Defendants at the time alleged in Plaintiff's Complaint was lawful under applicable case law, statutes, and governmental rules, regulations, and standards.

### THIRD AFFIRMATIVE DEFENSE

### (Qualified Immunity)

As and for a Third Affirmative Defense, these Answering Defendants were government officials performing within the course and scope of their official duties at all times alleged in Plaintiff's Complaint. Furthermore, the actions of these Answering Defendants were undertaken with a reasonable belief that said actions were valid and constitutionally proper. Therefore, these Answering Defendants are entitled to qualified immunity. Plaintiff is barred by reason of the fact that these Answering Defendants are immune from prosecution under the claims and for the acts alleged by virtue of CALIFORNIA GOVERNMENT CODE section 800 *et seq.*, and more particularly but not limited to §§ 815, 815.4, 815.6, 818, 818.6, 818.8, 820.2, 820.4, 820.6, 820.8, and 835 *et seq.*, and by virtue of CALIFORNIA GOVERNMENT CODE §§ 900 *et seq.*

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

As and for a Fourth Affirmative Defense, Plaintiff failed to mitigate his alleged damages, if any such damages actually existed.

///

BRADLEY, CURLEY,
ASIANO, BARRABEE &
CRAWFORD, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

ANSWER BY DEFENDANTS CITY OF ALBANY AND OFFICER MANNY TORREZ TO PLAINTIFF'S COMPLAINT FOR DAMAGES

## FIFTH AFFIRMATIVE DEFENSE

### (Tort Liability Barred by Statutes)

As and for a Fifth Affirmative Defense, with regard to any attempts by Plaintiff to assert any state law claim, these Answering Defendants allege that any tort liability is barred by operation of CALIFORNIA GOVERNMENT CODE sections 815, 815.2, 818, 818.8, 820.2, 820.4, 820.6, 820.8, 821.6 and 822.2, and CALIFORNIA PENAL CODE sections 834a, 835, 835a and 847.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Comply with California Tort Claims Act)

As and for a Sixth Affirmative Defense, as to Plaintiff's attempts to assert any state law claim, such claims are barred for failure to alleged compliance and the failure to actually comply with the claim requirement of the California Tort Claims Act.

## SEVENTH AFFIRMATIVE DEFENSE

### (Answering Defendants' Actions Privileged)

As and for a Seventh Affirmative Defense, these Answering Defendants' actions in investigating and addressing Plaintiff's allegations are privileged and immune from liability pursuant to all applicable code sections and case law, including but not limited to GOVERNMENT CODE section 810-996.6 inclusive, and the court's holding in *Nicole M. v. Martinez Unified School District*.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As and for an Eighth Affirmative Defense, Plaintiff is barred from recovering under any of the claims asserted in the Complaint by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Doctrine of Laches)

As and for a Ninth Affirmative Defense, Plaintiff is barred from recovering under any of the claims asserted in the Complaint by the doctrine of laches.

///

///

BRADLEY, CURLEY,
ASIANO, BARRABEE &
CRAWFORD, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

ANSWER BY DEFENDANTS CITY OF ALBANY AND OFFICER MANNY TORREZ TO PLAINTIFF'S COMPLAINT FOR DAMAGES

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

As and for a Tenth Affirmative Defense, Plaintiff is barred from recovering under any of the claims asserted in the Complaint by the doctrines of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

As and for an Eleventh Affirmative Defense, in the event that these Answering Defendants are held liable to Plaintiff, which liability is expressly denied, and any co-defendants are likewise held liable, these Answering Defendants are entitled to a percentage contribution of the total liability from said co-defendants, in accordance with the principles of equitable indemnity and comparative contribution.

## TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As and for a Twelfth Affirmative Defense, Plaintiff's claims herein are barred by the applicable statute of limitations, including but not limited to CALIFORNIA CODE OF CIVIL PROCEDURE §§340, 340.5 and FEDERAL RULES OF CIVIL PROCEDURE Rule 15.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Other Defenses Not Presently Known)

As and for a Thirteenth Affirmative Defense, these Answering Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses. Thus, these Answering Defendants reserve the right to answer additional affirmative defenses in the event discovery indicates that it would be appropriate.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As and for a Fourteenth Affirmative Defense, The Complaint, and each and every claim asserted therein, fail to allege facts sufficient to state a claim against these Answering Defendants.

///

BRADLEY, CURLEY, ASIANO, BARRABEE & CRAWFORD, P.C., 1100 Larkspur Landing Circle, Suite 200 Larkspur, CA 94939 TEL (415) 464-8888 FAX (415) 464-8887

ANSWER BY DEFENDANTS CITY OF ALBANY AND OFFICER MANNY TORREZ TO PLAINTIFF'S COMPLAINT FOR DAMAGES

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

As and for a Fifteenth Affirmative Defense, Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of the alleged claims against these Answering Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Superseding Cause)

As and for a Sixteenth Affirmative Defense, the damages sustained by Plaintiff, if any, are the result of actions of third parties constituting an intervening or superseding cause, precluding any liability on the part of these Answering Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Damages)

As and for a Seventeenth Affirmative Defense, Plaintiff has not suffered any damages or incurred any response costs as a result of any acts or omissions of these Answering Defendants. Therefore, Plaintiff is barred from asserting any claims against these Answering Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

As and for an Eighteenth Affirmative Defense, these Answering Defendants allege that each and every claim asserted by Plaintiff against these Answering Defendants is barred, in whole or part, because it would result in unjust enrichment to Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to State Sufficient Facts for Punitive Damages)

As and for a Nineteenth Affirmative Defense, Plaintiff has failed to state facts sufficient to justify the recovery of punitive damages.  Accordingly, these Answering Defendants invoke the protection of CALIFORNIA CIVIL CODE § 3295.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

As and for a Twentieth Affirmative Defense, these Answering Defendants allege that Plaintiff voluntarily and knowingly and/or impliedly assumed the risk or risks attendant to the

BRADLEY, CURLEY,
ASIANO, BARRABEE &
CRAWFORD, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 20 -

matters complained about in the Complaint, completely barring, or proportionateley reducing Plaintiff's right of recovery herein if any there be.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Good Faith/Frivolous Claim)

As and for a Twenty-First Affirmative Defense, these Answering Defendants allege that Plaintiff's actions against these Answering Defendants are not based on good faith, are frivolous, and entitles these Answering Defendants to receive reasonable expenses and attorney's fees.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Business & Professions Code § 6146)

As and for a Twenty-Second Affirmative Defense, should Plaintiff recover any amounts in this action Plaintiff's counsel's fees should be in accord with BUSINESS & PROFESSIONS CODE section 6146.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

As and for a Twenty-Third Affirmative Defense, these Answering Defendants allege that Plaintiff lacks standing to pursue the claims he alleges and seek the relief he has requested.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Public Defense)

As and for a Twenty-Fourth Affirmative Defense, these Answering Defendants allege that Defendant Officer Manny Torrez responded to Plaintiff's acts by doing only those acts that were reasonably necessary for the defense and safety of the public and was justified in doing those acts. The acts of Answering Defendants are the same acts of which Plaintiff complains.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Sovereign Immunity)

As and for a Twenty-Fifth Affirmative Defense, Plaintiff's claims are barred against these Answering Defendants pursuant to the principals of Sovereign Immunity, including but not limited to Amendment XI of the United States Constitution.

///

BRADLEY, CURLEY,
ASIANO, BARRABEE &
CRAWFORD, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 21 -

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

As and for a Twenty-Sixth Affirmative Defense, Plaintiff was either given or had available to him various administrative remedies as well as available due process for each of the alleged deprivations of his constitutional rights and has therefore failed to state a claim upon which relief can be granted thereunder.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Self Defense)

As and for a Twenty-Seventh Affirmative Defense, these Answering Defendants allege that Defendant Officer Manny Torrez responded to Plaintiff's acts by doing only those acts that were reasonably necessary for the defense and safety of Defendant Officer Manny Torrez and, accordingly, was justified in doing those acts. The acts of Answering Defendants are the same acts of which Plaintiff complains.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Proximate Causation)

As and for a Twenty-Eighth Affirmative Defense, these Answering Defendants allege that the acts, omissions, and/or conduct of Answering Defendants were not the proximate cause of the losses, damages and/or injuries, if any, as alleged in Plaintiff's Complaint and which herein are denied.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Actual Causation)

As and for a Twenty-Ninth Affirmative Defense, these Answering Defendants allege that the injuries, losses and damages, if any, as alleged in Plaintiff's Complaint and which herein are denied, were not caused by any act omission or conduct by these Answering Defendants, but were caused by some other act, omission or conduct over which Answering Defendants exercised no supervision and control, and for which it was not responsible.

///

///

BRADLEY, CURLEY, ASIANO, BARRABEE & CRAWFORD, P.C., 1100 Larkspur Landing Circle, Suite 200 Larkspur, CA 94939 TEL (415) 464-8888 FAX (415) 464-8887

- 22 -

## THIRTIETH AFFIRMATIVE DEFENSE

### (Passive/Secondary Negligence)

As and for a Thirtieth Affirmative Defense, these Answering Defendants allege that Plaintiff's Complaint and each and every cause of action stated therein are barred because if Answering Defendants are found to have been negligent in any manner, its negligence could only be passive and secondary while the negligence of persons other than these Answering Defendants would be active and primary.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Consent)

As and for a Thirty-First Affirmative Defense, these Answering Defendants allege that Plaintiff acknowledged, ratified, consented to or acquiesced in the acts or omissions of these Answering Defendants, if any, as alleged in Plaintiff's Complaint and which hereby are denied. Thus, Plaintiff's acquiescence effectively bars Plaintiff from any relief as prayed for in the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, these Answering Defendants pray to be hence dismissed from this suit and:

1.     The Court give judgment for them;

2.     The Court award them costs of suit herein incurred;

3.     Plaintiff take nothing by his Complaint; and

4.     For such other and further relief as the Court may deem proper

## DEMAND FOR JURY TRIAL

These Answering Defendants hereby demand a jury trial.

Dated: September 17, 2007          BRADLEY, CURLEY, ASIANO, BARRABEE &
                                   CRAWFORD, P.C.


                                   LOREN B. HOPKINS
                                   Attorneys for Defendants
                                   CITY OF ALBANY and OFFICER MANNY
                                   TORREZ

F:\DOCS\GH\7294\P\Answer.wpd

BRADLEY, CURLEY,
ASIANO, BARRABEE &
CRAWFORD, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

ANSWER BY DEFENDANTS CITY OF ALBANY AND OFFICER MANNY TORREZ TO PLAINTIFF'S COMPLAINT FOR DAMAGES

## PROOF OF SERVICE
### C.C.P. Section 1013a, C.C.P. Section 2015.5
#### *Meyer v. City of Albany*
#### U.S. District Court, Northern District

**I DECLARE** that I am employed in the County of Marin, California.  I am over the age of eighteen years and not a party to the within entitled cause; my business address is 1100 Larkspur Landing Circle, Suite 200, Larkspur, CA 94939.  On **September 17, 2007**, I served a true copy of the attached:

### ANSWER BY DEFENDANTS CITY OF ALBANY'S AND OFFICER MANNY TORREZ' TO PLAINTIFF'S COMPLAINT FOR DAMAGES DEMAND FOR JURY TRIAL

on the involved parties in said cause, in the manner indicated as follows:

**<u>Attorneys for Plaintiff</u>**
Hunter Pyle, Esq.
Pamela Kong, Esq.
Sundeen Salinas & Pyle
1330 Broadway, Suite 1830
Oakland, CA 94612
Tel: (510) 663-9240
Fax: (510) 663-9241
E-Mail: hpyle@ssrplaw.com

[X]   **<u>BY MAIL</u>**: I placed a true copy thereof in a sealed envelope, with postage thereon fully prepaid for first-class mail, in the designated outgoing mail receptacle at Bradley, Curley, Asiano, Barrabee & Crawford, P.C. for collection by another employee who is responsible in the normal course of business, for depositing the stamped envelopes for mailing this same day in the United States Mail at Larkspur, California.

[ ]   **<u>BY PERSONAL SERVICE</u>**: I placed a true copy thereof in a sealed envelope, and caused such envelope to be delivered by hand to the addressee(s) noted on service list.

[ ]   **<u>BY FACSIMILE</u>**: I personally sent to the addressee's telecopier number indicated after the address(es) noted above, a true copy of the above-described document(s) and verified transmission.

[ ]   **<u>BY EXPRESS MAIL</u>**: I caused each such envelope to be deposited into a designated express mail box for pick up on the date of execution of this declaration.

[X]   **<u>E-FILING</u>**: I personally sent via e-mail a true and correct copy of the above-described document (s) to the e-mail address (es) of the party (ies) listed on the attached mailing list.

/ / /

1        I declare under penalty or perjury that the foregoing is true and correct, and that this

2    Declaration was executed at Larkspur, California, on **September 17, 2007**.

3

4    _____

5                        Susan N. Ashton

6    F:\DOCS\GH\7294\P\POS.wpd

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28