1 **HUNTER PYLE, SBN 191125**
**PAMELA KONG, SBN 220912**
2 SUNDEEN SALINAS & PYLE
1330 Broadway, Suite 1830
3 Oakland, California 94612

4 Telephone: (510) 663-9240
Facsimile: (510) 663-9241
5
hpyle@ssrplaw.com
6 pkong@ssrplaw.com

7 Attorneys for Plaintiff
OLIVER MEYER
8
**ANN M. ASIANO, SBN 94891**
9 **LOREN B. HOPKINS, SBN 219256**
BRADLEY, CURLEY, ASIANO, BARRABEE & CRAWFORD, P.C.
10 1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939
11
Telephone: (415) 464-8888
12 Facsimile: (415) 464-8887

13 ama@professionals-law.com
lhopkins@@professionals-law.com
14

15 Attorneys for Defendants
CITY OF ALBANY and
16 OFFICER MANNY TORREZ

17 <center>**UNITED STATES DISTRICT COURT**</center>

18 <center>**NORTHERN DISTRICT OF CALIFORNIA**</center>

| | |
|---|---|
| 19  OLIVER MEYER, | Case No. C 07-3755 JCS |
| 20          Plaintiff, | **JOINT CASE MANAGEMENT** |
| | **STATEMENT AND PROPOSED ORDER** |
| 21      vs. | |
| 22  CITY OF ALBANY, a public entity; OFFICER | Date:          October 26, 2007 |
| MANNY TORREZ #16; and DOES 1-10, Jointly | Time:          1:30 p.m. |
| 23  and Severally, | Ctrm:          A |
| | Location       United States District Court |
| 24          Defendants. | 450 Golden Gate Avenue |
| | 15th Floor |
| 25 | San Francisco, CA 94102 |

<center>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**
MEYER v. CITY OF ALBANY et al., Case No. 07-3755 JCS
-1-</center>

The parties to the above-captioned matter hereby submit the following joint case management statement in anticipation of the case management conference set for October 26, 2007:

**I.      JURISDICTION AND SERVICE**

This action is brought pursuant to 42 USC sections 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 USC sections 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. All named parties have been served and have appeared in the case.

**II.     CLAIMS AND DEFENSES**

**A.      PLAINTIFF'S CLAIMS**

Plaintiff is a 24 year old writer and a student at San Francisco State University.  Prior to the incidents described in this lawsuit, he had never been arrested or detained by any law enforcement personnel.

On April 15, 2007, at approximately 2:00 a.m., Plaintiff was walking with two friends in Berkeley, California.  As Plaintiff was walking, a car pulled up behind him.  Plaintiff turned to look at the car.

The operator of the car, later determined to be defendant OFFICER MANNY TORREZ, then shone a bright spotlight on Plaintiff.  Defendant OFFICER MANNY TORREZ then got out of his vehicle and said "Hey you," and something else that Plaintiff could not understand.

Plaintiff responded, "What?"  Defendant OFFICER MANNY TORREZ again said, "Hey you," and words that Plaintiff could not understand.

Plaintiff responded, "What?  What's going on?"

Defendant OFFICER MANNY TORREZ then approached Plaintiff.  Plaintiff asked, "Are you detaining us?"  Defendant OFFICER MANNY TORREZ said, "Yes."

Plaintiff asked, "What for?"  Defendant OFFICER MANNY TORREZ did not respond.  Instead, he grabbed Plaintiff by the arms, spun him around, and pushed him into the hood of defendant

---

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**
MEYER v. CITY OF ALBANY et al., Case No. 07-3755 JCS

1   OFFICER MANNY TORREZ's vehicle.  Plaintiff did not resist defendant OFFICER MANNY

2   TORREZ.  However, defendant OFFICER MANNY TORREZ began to twist Plaintiff's arms in a

3   manner that was calculated to cause Plaintiff pain and discomfort.  Defendant OFFICER MANNY

4   TORREZ then lifted Plaintiff off the hood by his arms, and pushed him to his knees in the street.  After

5   Plaintiff was on his knees, defendant OFFICER MANNY TORREZ pushed his face into the pavement,

6   bruising and scraping Plaintiff's face.

7        Plaintiff then called out to his friends to call his mother.

8        Plaintiff did not resist defendant OFFICER MANNY TORREZ.  However, defendant OFFICER

9   MANNY TORREZ twisted Plaintiff's arms violently behind him.  After defendant OFFICER MANNY

10  TORREZ twisted Plaintiff's right arm up and bent his wrist, Plaintiff cried out, "You are going to break

11  my arm!"  This cry was heard by his friends many feet away.

12       Defendant OFFICER MANNY TORREZ continued to lift and twist Plaintiff's right arm.

13  Plaintiff heard four loud pops and felt an intense pain as his right elbow broke due to the force that

14  defendant OFFICER MANNY TORREZ was applying.  Plaintiff then began to shout in pain.  However,

15  defendant OFFICER MANNY TORREZ continued to twist Plaintiff's right arm despite the fact that

16  Plaintiff's elbow had broken.

17       Defendant OFFICER MANNY TORREZ then turned to another APD officer who had arrived on

18  the scene and said, "I think I broke his arm."  Plaintiff again cried out in pain.  Defendant OFFICER

19  MANNY TORREZ wrenched Plaintiff's right arm so that Plaintiff's forearm was pinned up against his

20  upper arm behind Plaintiff's back.  Defendant OFFICER MANNY TORREZ then handcuffed Plaintiff

21  by taking Plaintiff's left arm, placing it across Plaintiff's chest, and handcuffing Plaintiff's left wrist up

22  and over Plaintiff's right shoulder to Plaintiff's right wrist.

23       Plaintiff began to scream and shout because of the pain in his right arm.  Despite his pleas, and

24  the pleas of Plaintiff's mother and father who had arrived at the scene, defendant OFFICER MANNY

25  TORREZ refused to loosen or adjust the handcuffs.

1  Plaintiff was then taken by ambulance to Highland Hospital in Oakland, despite the fact that Alta

2  Bates was only moments away.  In the ambulance, Plaintiff begged to have the handcuffs taken off or

3  adjusted.  The officer riding in the ambulance refused.  Plaintiff also asked for an ice pack for his elbow.

4  These requests were denied.

5  Plaintiff remained in handcuffs for more than thirty minutes after he arrived at Highland

6  Hospital.  In all, despite the fact that his elbow was broken, Plaintiff was in handcuffs for more than one

7  and a half hours.

8  At Highland Hospital, Plaintiff was diagnosed as having a fractured right elbow.  Plaintiff is

9  right-handed.  Since April 15, 2007, he has been unable to use his right hand.  Among other things, he

10 has been unable to type, write, or drive.  Plaintiff has had to hire an assistant to help him with written

11 examinations at San Francisco State University.

12 **B.     DEFENDANTS' DEFENSES**

13 Defendants deny all factual and legal allegations as asserted or eluded to *supra*.  Further,

14 Defendants deny that any excessive force was ever used and deny that the detention of Plaintiff was

15 unreasonable under the circumstances.  Moreover, Defendant Officer Torrez denies that there was any

16 wrongful conduct on his part.   Defendants further deny that any injuries sustained by Plaintiff on April

17 15, 2007 can be attributed to the acts or omissions of Defendants City of Albany and Officer Manny

18 Torrez.

19 Additionally, Defendants allege the following affirmative defenses:

20 **FIRST AFFIRMATIVE DEFENSE**

21 **(Negligence of Plaintiff Precludes Recovery)**

22 As and for a First Affirmative Defense, Plaintiff was negligent,  reckless and careless in and

23 about the matters alleged in the his Complaint, and such negligence, recklessness and carelessness was

24 the sole and/or contributing proximate cause of his alleged damages.  Therefore, Plaintiff is either barred

25

---

1  from any recovery, or any recovery awarded must be reduced in proportion to the amount that Plaintiff's
2  conduct contributed to the alleged damages.

### SECOND AFFIRMATIVE DEFENSE

#### (Compliance with all Statutes, Regulations and Laws)

As and for a Second Affirmative Defense, all conduct of these Answering Defendants at the time alleged in Plaintiff's Complaint was lawful under applicable case law, statutes, and governmental rules, regulations, and standards.

### THIRD AFFIRMATIVE DEFENSE

#### (Qualified Immunity)

As and for a Third Affirmative Defense, these Answering Defendants were government officials performing within the course and scope of their official duties at all times alleged in Plaintiff's Complaint. Furthermore, the actions of these Answering Defendants were undertaken with a reasonable belief that said actions were valid and constitutionally proper. Therefore, these Answering Defendants are entitled to qualified immunity. Plaintiff is barred by reason of the fact that these Answering Defendants are immune from prosecution under the claims and for the acts alleged by virtue of CALIFORNIA GOVERNMENT CODE section 800 *et seq.*, and more particularly but not limited to §§ 815, 815.4, 815.6, 818, 818.6, 818.8, 820.2, 820.4, 820.6, 820.8, and 835 *et seq.*, and by virtue of CALIFORNIA GOVERNMENT CODE §§ 900 *et seq.*

### FOURTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

As and for a Fourth Affirmative Defense, Plaintiff failed to mitigate his alleged damages, if any such damages actually existed.

### FIFTH AFFIRMATIVE DEFENSE

#### (Tort Liability Barred by Statutes)

As and for a Fifth Affirmative Defense, with regard to any attempts by Plaintiff to assert any state law claim, these Answering Defendants allege that any tort liability is barred by operation of

1  CALIFORNIA GOVERNMENT CODE sections 815, 815.2, 818, 818.8, 820.2, 820.4, 820.6, 820.8, 821.6 and

2  822.2, and CALIFORNIA PENAL CODE sections 834a, 835, 835a and 847.

### SIXTH AFFIRMATIVE DEFENSE

### (Failure to Comply with California Tort Claims Act)

As and for a Sixth Affirmative Defense, as to Plaintiff's attempts to assert any state law claim, such claims are barred for failure to alleged compliance and the failure to actually comply with the claim requirement of the California Tort Claims Act.

### SEVENTH AFFIRMATIVE DEFENSE

### (Answering Defendants' Actions Privileged)

As and for a Seventh Affirmative Defense, these Answering Defendants' actions in investigating and addressing Plaintiff's allegations are privileged and immune from liability pursuant to all applicable code sections and case law, including but not limited to GOVERNMENT CODE section 810-996.6 inclusive, and the court's holding in *Nicole M. v. Martinez Unified School District*.

### EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As and for an Eighth Affirmative Defense, Plaintiff is barred from recovering under any of the claims asserted in the Complaint by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

### (Doctrine of Laches)

As and for a Ninth Affirmative Defense, Plaintiff is barred from recovering under any of the claims asserted in the Complaint by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

As and for a Tenth Affirmative Defense, Plaintiff is barred from recovering under any of the claims asserted in the Complaint by the doctrines of estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

1

#### (Comparative Negligence)

2          As and for an Eleventh Affirmative Defense, in the event that these Answering Defendants are

3   held liable to Plaintiff, which liability is expressly denied, and any co-defendants are likewise held

4   liable, these Answering Defendants are entitled to a percentage contribution of the total liability from

5   said co-defendants, in accordance with the principles of equitable indemnity and comparative

6   contribution.

7

### TWELFTH AFFIRMATIVE DEFENSE

8

#### (Statute of Limitations)

9          As and for a Twelfth Affirmative Defense, Plaintiff's claims herein are barred by the applicable

10   statute of limitations, including but not limited to CALIFORNIA CODE OF CIVIL PROCEDURE §§340, 340.5

11   and FEDERAL RULES OF CIVIL PROCEDURE Rule 15.

12

### THIRTEENTH AFFIRMATIVE DEFENSE

13

#### (Other Defenses Not Presently Known)

14          As and for a Thirteenth Affirmative Defense, these Answering Defendants presently have

15   insufficient knowledge or information upon which to form a belief as to whether they may have

16   additional, as yet unstated, affirmative defenses.  Thus, these Answering Defendants reserve the right to

17   answer additional affirmative defenses in the event discovery indicates that it would be appropriate.

18

### FOURTEENTH AFFIRMATIVE DEFENSE

19

#### (Failure to State a Claim)

20          As and for a Fourteenth Affirmative Defense, The Complaint, and each and every claim asserted

21   therein, fail to allege facts sufficient to state a claim against these Answering Defendants.

22   ///

23   ///

24

25

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

As and for a Fifteenth Affirmative Defense, Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of the alleged claims against these Answering Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Superseding Cause)

As and for a Sixteenth Affirmative Defense, the damages sustained by Plaintiff, if any, are the result of actions of third parties constituting an intervening or superseding cause, precluding any liability on the part of these Answering Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Damages)

As and for a Seventeenth Affirmative Defense, Plaintiff has not suffered any damages or incurred any response costs as a result of any acts or omissions of these Answering Defendants. Therefore, Plaintiff is barred from asserting any claims against these Answering Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

As and for an Eighteenth Affirmative Defense, these Answering Defendants allege that each and every claim asserted by Plaintiff against these Answering Defendants is barred, in whole or part, because it would result in unjust enrichment to Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to State Sufficient Facts for Punitive Damages)

As and for a Nineteenth Affirmative Defense, Plaintiff has failed to state facts sufficient to justify the recovery of punitive damages. Accordingly, these Answering Defendants invoke the protection of CALIFORNIA CIVIL CODE § 3295.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Assumption of Risk)

As and for a Twentieth Affirmative Defense, these Answering Defendants allege that Plaintiff voluntarily and knowingly and/or impliedly assumed the risk or risks attendant to the matters complained about in the Complaint, completely barring, or proportionateley reducing Plaintiff's right of recovery herein if any there be.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Lack of Good Faith/Frivolous Claim)

As and for a Twenty-First Affirmative Defense, these Answering Defendants allege that Plaintiff's actions against these Answering Defendants are not based on good faith, are frivolous, and entitles these Answering Defendants to receive reasonable expenses and attorney's fees.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Business & Professions Code § 6146)

As and for a Twenty-Second Affirmative Defense, should Plaintiff recover any amounts in this action Plaintiff's counsel's fees should be in accord with BUSINESS & PROFESSIONS CODE section 6146.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Lack of Standing)

As and for a Twenty-Third Affirmative Defense, these Answering Defendants allege that Plaintiff lacks standing to pursue the claims he alleges and seek the relief he has requested.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Public Defense)

As and for a Twenty-Fourth Affirmative Defense, these Answering Defendants allege that Defendant Officer Manny Torrez responded to Plaintiff's acts by doing only those acts that were reasonably necessary for the defense and safety of the public and was justified in doing those acts. The acts of Answering Defendants are the same acts of which Plaintiff complains.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Sovereign Immunity)**

As and for a Twenty-Fifth Affirmative Defense, Plaintiff's claims are barred against these Answering Defendants pursuant to the principals of Sovereign Immunity, including but not limited to Amendment XI of the United States Constitution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies)**

As and for a Twenty-Sixth Affirmative Defense, Plaintiff was either given or had available to him various administrative remedies as well as available due process for each of the alleged deprivations of his constitutional rights and has therefore failed to state a claim upon which relief can be granted thereunder.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

**(Self Defense)**

As and for a Twenty-Seventh Affirmative Defense, these Answering Defendants allege that Defendant Officer Manny Torrez responded to Plaintiff's acts by doing only those acts that were reasonably necessary for the defense and safety of Defendant Officer Manny Torrez and, accordingly, was justified in doing those acts. The acts of Answering Defendants are the same acts of which Plaintiff complains.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

**(No Proximate Causation)**

As and for a Twenty-Eighth Affirmative Defense, these Answering Defendants allege that the acts, omissions, and/or conduct of Answering Defendants were not the proximate cause of the losses, damages and/or injuries, if any, as alleged in Plaintiff's Complaint and which herein are denied.

///

///

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Actual Causation)

As and for a Twenty-Ninth Affirmative Defense, these Answering Defendants allege that the injuries, losses and damages, if any, as alleged in Plaintiff's Complaint and which herein are denied, were not caused by any act omission or conduct by these Answering Defendants, but were caused by some other act, omission or conduct over which Answering Defendants exercised no supervision and control, and for which it was not responsible.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Passive/Secondary Negligence)

As and for a Thirtieth Affirmative Defense, these Answering Defendants allege that Plaintiff's Complaint and each and every cause of action stated therein are barred because if Answering Defendants are found to have been negligent in any manner, its negligence could only be passive and secondary while the negligence of persons other than these Answering Defendants would be active and primary.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Consent)

As and for a Thirty-First Affirmative Defense, these Answering Defendants allege that Plaintiff acknowledged, ratified, consented to or acquiesced in the acts or omissions of these Answering Defendants, if any, as alleged in Plaintiff's Complaint and which hereby are denied.  Thus, Plaintiff's acquiescence effectively bars Plaintiff from any relief as prayed for in the Complaint.

**III.    SUMMARY OF PROCEEDINGS TO DATE**

This case was filed in the United States District Court for the Northern District of California on July 20, 2007.  Defendants filed their Answer on September 17, 2007. The parties have stipulated to the use of magistrate for mediation purposes and have filed their respective ADR Certification pleadings.

**IV.    PENDING MOTIONS**

There are no pending motions.

---

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**
MEYER v. CITY OF ALBANY et al., Case No. 07-3755 JCS
-11-

**V.     EXPECTED MOTION PRACTICE**

Plaintiff does not anticipate filing dispositive motions in this case.

Defendants hereby reserve their rights *vis-a-vis* the filing of any dispositive motions. At this time, Defendants are unable to make such representations without having participated in full blown discovery. Notwithstanding, Defendants may bring a Motion for Summary Judgment based upon the doctrine of *qualified immunity*.

**VI.     NEW PARTIES**

Plaintiff does not anticipate naming additional parties at this time.

**VII.    EVIDENTIARY, CLAIM-CONSTRUCTION, AND CLASS CERTIFICATION HEARINGS**

Not applicable.

**VIII.   EVIDENCE PRESERVATION**

The parties have taken reasonable steps to preserve evidence that is relevant to this case.

**IX.     DISCOVERY LIMITS**

The parties propose discovery according to code (25 interrogatories, including subparts; unlimited requests for production and requests for admission) and up to ten depositions per side, subject to further stipulation or showing of good cause if, based on discovery conducted within these limits, the parties reasonably believe additional discovery is necessary.

**X.      DISCLOSURES**

The parties have fully meet and conferred on their Initial Disclosures and are prepared to serve the same on October 19, 2007.

**XI.     PROPOSED TRIAL DATE**

The parties propose a trial date on or around October 20, 2008, and request that the pretrial dates be determined according to the Court's preferred intervals based upon the trial date, with input from the parties as appropriate.  The parties estimate that this trial will take 8-12 court days.

**XII.   JURY DEMAND**

Both parties timely demanded a jury trial in this matter.

**XIII.   RELIEF SOUGHT**

Plaintiff seeks the following damages in this case:  economic damages, non-economic damages for emotional distress, and attorneys' fees.

**XIV.   ADR PLAN**

In light of the nature of this case, all parties agree that the most appropriate form of ADR is mediation before a Magistrate Judge within 120 days of the date of the case management conference.

**XV.   MAGISTRATE JUDGE**

All parties have consented to the assignment of this matter to a Magistrate Judge.

**XVI.   SERVICE LIST**

For Plaintiff:

HUNTER PYLE, SBN 191125
PAMELA KONG, SBN 220912
SUNDEEN SALINAS & PYLE
1330 Broadway, Suite 1830
Oakland, California  94612

Telephone:    (510) 663-9240
Facsimile:     (510) 663-9241

For Defendants:

ANN M. ASIANO, SBN 94891
LOREN B. HOPKINS, SBN 219256
BRADLEY, CURLEY, ASIANO, BARRABEE & CRAWFORD, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA  94939

Telephone: (415) 464-8888
Facsimile: (415) 464-8887

**XVII.   OTHER MATTERS**

This case is not a class action.

There are no related cases.

---

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**
MEYER v. CITY OF ALBANY et al., Case No. 07-3755 JCS
-13-

1    This case is not suitable for reference to binding arbitration, a special master, or the Judicial

2  Panel on Multidistrict Litigation.

3    The parties are not presently aware of any issues that can be narrowed by agreement or by

4  motion.

5    The parties will file Certification of Interested Entities or Persons required by Local Rule 3-16

6  prior to the Case Management Conference.

7

8    Respectfully submitted,

9

10  Dated:  October 16, 2007                    SUNDEEN SALINAS & PYLE

11                                             By:_/S/_____
                                                  Hunter Pyle
12
                                               Attorneys for Plaintiff
13                                             OLIVER MEYER

14  Dated:  October 16, 2007                    BRADLEY, CURLEY, ASIANO, BARRABEE &
                                               CRAWFORD, P.C.
15

16                                             By:_/S/_____
                                                  Loren Hopkins
17
                                               Attorneys for Defendants
18                                             CITY OF ALBANY and
                                               OFFICER MANNY TORREZ
19

20

21

22

23

24

25

---

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**
MEYER v. CITY OF ALBANY et al., Case No. 07-3755 JCS
-14-

## CASE MANAGEMENT ORDER

The Joint Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case, and the parties are ordered to comply with this Order. In addition, the Court orders:

DATED:                    By: _____

HONORABLE JOSEPH C. SPERO

UNITED STATES MAGISTRATE JUDGE

NORTHERN DISTRICT OF CALIFORNIA

**PROOF OF SERVICE**
C.C.P. Section 1013a, C.C.P. Section 2015.5
*Meyer v. City of Albany*
U.S. District Court, Northern District of California
Case No. C 07-3755 JCS

**I DECLARE** that I am employed in the County of Marin, California. I am over the age of eighteen years and not a party to the within entitled cause; my business address is 1100 Larkspur Landing Circle, Suite 200, Larkspur, CA 94939. On **October 18, 2007,** I served a true copy of the attached:

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

on the involved parties in said cause, in the manner indicated as follows:

**Attorneys for Plaintiff**
Hunter Pyle, Esq.
Pamela Kong, Esq.
Sundeen Salinas & Pyle
1330 Broadway, Suite 1830
Oakland, CA 94612
Tel: (510) 663-9240
Fax: (510) 663-9241
E-Mail: hpyle@ssrplaw.com

[X]    **BY MAIL:** I placed a true copy thereof in a sealed envelope, with postage thereon fully prepaid for first-class mail, in the designated outgoing mail receptacle at Bradley, Curley, Asiano, Barrabee & Crawford, P.C. for collection by another employee who is responsible in the normal course of business, for depositing the stamped envelopes for mailing this same day in the United States Mail at Larkspur, California.

[ ]    **BY PERSONAL SERVICE:** I placed a true copy thereof in a sealed envelope, and caused such envelope to be delivered by hand to the addressee(s) noted on service list.

[ ]    **BY FACSIMILE:** I personally sent to the addressee's telecopier number indicated after the address(es) noted above, a true copy of the above-described document(s) and verified transmission.

[ ]    **BY EXPRESS MAIL:** I caused each such envelope to be deposited into a designated express mail box for pick up on the date of execution of this declaration.

I declare under penalty or perjury that the foregoing is true and correct, and that this Declaration was executed at Larkspur, California, on **October 18, 2007.**

Susan N. Ashton

F:\DOCS\GH\7294\P\POS.wpd