1  **HUNTER PYLE, SBN 191125**
   **PAMELA KONG, SBN 220912**
2  SUNDEEN SALINAS & PYLE
   1330 Broadway, Suite 1830
3  Oakland, CA 94612

4  Telephone:   510.663.9240
   Telefax:     510.663.9241
5
   Attorneys for Plaintiff
6  OLIVER MEYER

7
                    **UNITED STATES DISTRICT COURT**
8
                    **NORTHERN DISTRICT OF CALIFORNIA**
9

10 | OLIVER MEYER, | Case No. C 07-3755 JCS |
|---|---|
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| vs. | 1) **VIOLATION OF 42 U.S.C. § 1983** |
| CITY OF ALBANY, a public entity; OFFICER MANNY TORREZ #16; OFFICER W. BOEHM #29; and DOES 1-10, Jointly and Severally, | 2) **VIOLATION OF 42 U.S.C. § 1983- Supervisory Liability;** |
| | 3) **VIOLATION OF CAL. CIV. CODE § 52.1;** |
| | 4) **NEGLIGENCE;** |
| Defendants. | 5) **ASSAULT AND BATTERY; and** |
| | 6) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

   Plaintiff OLIVER MEYER ("Plaintiff"), by and through his attorneys, complains and alleges as follows:

                              **INTRODUCTION**

   1.   Plaintiff is a 24 year old writer and a student at San Francisco State University. Prior to the incidents described in this lawsuit, he had never been arrested or detained by any law enforcement personnel.

---

**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**
**MEYER v. CITY OF ALBANY, et al.**
-1-

2. On April 15, 2007, Plaintiff was peacefully walking with two friends in Berkeley, California. Albany Police Department officer Manny Torrez ("defendant OFFICER MANNY TORREZ") stopped Plaintiff for no apparent reason. When Plaintiff asked why he was being detained, defendant OFFICER MANNY TORREZ grabbed him and shoved him into the hood of his patrol vehicle. Although Plaintiff did not resist in any way, defendant OFFICER MANNY TORREZ then grabbed Plaintiff's arms and pushed him face down onto the pavement, cutting and bruising Plaintiff's face.

3. Plaintiff shouted to his friends that they should call his mother, who lives nearby. This infuriated defendant OFFICER MANNY TORREZ, who wrenched Plaintiff's arms behind his back. Plaintiff shouted "You are going to break my arm!". However, defendant OFFICER MANNY TORREZ continued to wrench Plaintiff's arms.

4. Soon thereafter, defendant OFFICER W. BOEHM arrived at the scene. He joined defendant OFFICER MANNY TORREZ in pinning Plaintiff to the ground and wrenching Plaintiff's arms. Plaintiff then screamed in pain as defendants OFFICER MANNY TORREZ and OFFICER W. BOEHM broke Plaintiff's right elbow.

5. Despite the fact that Plaintiff's elbow was broken, defendant OFFICER MANNY TORREZ folded Plaintiff's right forearm against Plaintiff's right upper arm behind Plaintiff's back. Defendant OFFICER MANNY TORREZ then took Plaintiff's left arm, placed it across Plaintiff's chest, and handcuffed Plaintiff's left wrist up and over Plaintiff's right shoulder to Plaintiff's right wrist. This method of handcuffing caused Plaintiff to suffer excruciating pain.

6. Defendant OFFICER MANNY TORREZ's actions were thus calculated to torture Plaintiff and cause him the most possible pain and discomfort. Plaintiff remained handcuffed in this position for more than an hour and a half.

7. As a result of these actions, Plaintiff has suffered and continues to suffer permanent injuries to his right elbow and ongoing emotional and psychological distress.

**JURISDICTION**

8. This is a civil rights action arising from Defendants' unreasonable seizure and use of excessive force against Plaintiff, on or about April 15, 2007, in Berkeley, California. This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

9. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.

**INTRADISTRICT ASSIGNMENT**

10. A substantial part of the events and/or omissions complained of herein occurred in Alameda County, California, and this action is properly assigned to the San Francisco Division of the United States District Court for the Northern District of California.

**PARTIES**

11. Plaintiff OLIVER MEYER is a resident of Berkeley, California.

12. Defendant CITY OF ALBANY was at all times mentioned herein, and is, a municipal corporation, organized and existing under the laws of the State of California and in said capacity authorized and operated the Albany Police Department ("APD") under the laws of the State of California.

13. At all times relevant hereto, defendant OFFICER MANNY TORREZ was an employee of defendant CITY OF ALBANY, working as an officer in the APD. This defendant acted in such capacity as the agent, servant, and employee of defendant CITY OF ALBANY. He is sued in his individual capacity.

14. At all times relevant hereto, defendant OFFICER W. BOEHM was an employee of defendant CITY OF ALBANY, working as an officer in the APD. This defendant acted in such

capacity as the agent, servant, and employee of defendant CITY OF ALBANY. He is sued in his individual capacity.

16. Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned in this complaint defendants were the agents and employees of their codefendants, and, in doing the things alleged in this complaint, were acting in the course and scope of such agency and employment.

16. All of the actions giving rise to this lawsuit occurred in Berkeley, California.

17. The true names and capacities of Defendants sued herein as DOES 1-10 ("DOE Defendants") are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same are ascertained. Each DOE defendant was an employee/agent of defendant CITY OF ALBANY and the APD, and at all material times acted within the course and scope of that relationship.

18. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of defendant OFFICER MANNY TORREZ.

19. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

20. At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

21.   At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

22.   The acts and omissions of defendants OFFICER MANNY TORREZ, OFFICER W. BOEHM and DOES 1-10 as set forth herein at all material times were pursuant to the actual customs, policies, practices and procedures of defendant CITY OF ALBANY and the APD.

23.   This complaint is properly pled in the alternative pursuant to Federal Rule of Civil Procedure 8(e)(2).

**GENERAL ALLEGATIONS**

24.   Plaintiff is a 24 year old writer and a student at San Francisco State University. Prior to the incidents described in this lawsuit, he had never been arrested or detained by any law enforcement personnel.

25.   On April 15, 2007, at approximately 2:00 a.m., Plaintiff was walking with two friends in Berkeley, California.

26.   As Plaintiff was walking, a car pulled up behind him. Plaintiff turned to look at the car.

27.   The operator of the car, later determined to be defendant OFFICER MANNY TORREZ, then shone a bright spotlight on Plaintiff.

28.   Defendant OFFICER MANNY TORREZ then got out of his vehicle and said "Hey you," and something else that Plaintiff could not understand.

29.   Plaintiff responded, "What?"

30.   Defendant OFFICER MANNY TORREZ again said, "Hey you," and words that Plaintiff could not understand.

31.   Plaintiff responded, "What? What's going on?"

32.   Defendant OFFICER MANNY TORREZ then approached Plaintiff. Plaintiff asked, "Are you detaining us?" Defendant OFFICER MANNY TORREZ said, "Yes."

33.   Plaintiff asked, "What for?" Defendant OFFICER MANNY TORREZ did not respond.

Instead, he grabbed Plaintiff by the arms, spun him around, and pushed him into the hood of defendant OFFICER MANNY TORREZ's vehicle.

34. Plaintiff did not resist defendant OFFICER MANNY TORREZ. However, defendant OFFICER MANNY TORREZ began to twist Plaintiff's arms in a manner that was calculated to cause Plaintiff pain and discomfort. Defendant OFFICER MANNY TORREZ then lifted Plaintiff off the hood by his arms, and pushed him to his knees in the street. After Plaintiff was on his knees, defendant OFFICER MANNY TORREZ pushed his face into the pavement, bruising and scraping Plaintiff's face.

35. Plaintiff then called out to his friends to call his mother.

36. Plaintiff did not resist defendant OFFICER MANNY TORREZ. However, defendant OFFICER MANNY TORREZ twisted Plaintiff's arms violently behind him  After defendant OFFICER MANNY TORREZ twisted Plaintiff's right arm up and bent his wrist, Plaintiff cried out, "You are going to break my arm!" This cry was heard by his friends many feet away.

37. Soon thereafter, defendant OFFICER W. BOEHM arrived at the scene. He joined defendant OFFICER MANNY TORREZ in pinning Plaintiff to the ground and wrenching Plaintiff's arms. Plaintiff then screamed in pain as defendants OFFICER MANNY TORREZ and OFFICER W. BOEHM broke Plaintiff's right elbow.

38. Plaintiff then began to shout in pain.

39. Plaintiff again cried out in pain. Defendants OFFICER MANNY TORREZ and OFFICER W. BOEHM wrenched Plaintiff's right arm so that Plaintiff's forearm was pinned up against his upper arm behind Plaintiff's back. Defendants OFFICER MANNY TORREZ and OFFICER W. BOEHM then handcuffed Plaintiff by taking Plaintiff's left arm, placing it across Plaintiff's chest, and handcuffing Plaintiff's left wrist up and over Plaintiff's right shoulder to Plaintiff's right wrist.

40. Plaintiff began to scream and shout because of the pain in his right arm. Despite his pleas, and the pleas of Plaintiff's mother and father who had arrived at the scene, defendant OFFICER MANNY TORREZ refused to loosen or adjust the handcuffs.

41. Plaintiff was then taken by ambulance to Highland Hospital in Oakland, despite the fact that Alta Bates was only moments away.

42. In the ambulance, Plaintiff begged to have the handcuffs taken off or adjusted. The officer riding in the ambulance refused. Plaintiff also asked for an ice pack for his elbow. These requests were denied.

43. Plaintiff remained in handcuffs for more than thirty minutes after he arrived at Highland Hospital. In all, despite the fact that his elbow was broken, Plaintiff was in handcuffs for more than one and a half hours.

44. At Highland Hospital, Plaintiff was diagnosed as having a fractured right elbow.

45. Plaintiff is right-handed. Since April 15, 2007, he has been unable to use his right hand. Among other things, he has been unable to type, write, or drive. Plaintiff has had to hire an assistant to help him with written examinations at San Francisco State University.

46. At all times during Plaintiff's contact with defendant OFFICER MANNY TORREZ, Plaintiff behaved lawfully and peacefully. Plaintiff never displayed any weapon or threatened the safety of any person, including himself, in any way.

47. The force used by defendant OFFICER MANNY TORREZ against Plaintiff was unjustified and objectively unreasonable under the circumstances.

48. Defendant OFFICER MANNY TORREZ's seizure of Plaintiff lasted an excessive amount of time, was conducted unreasonably, and was done without probable cause, reasonable suspicion, or other legal right.

49. At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

50. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

   a. Severe bodily injury, including a broken right elbow, bruised and cut face, and bruised left wrist, all requiring medical treatment;

   b. Wrongful seizure and imprisonment;

   c. Humiliation;

   d. Pain and suffering, including emotional distress;

   e. Medical expenses;

   f. Lost wages and earning capacity;

   g. Interruption of studies;

   h. Violation of constitutional rights; and

   i. All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law.

**EXHAUSTION OF REMEDIES**

51.  Plaintiff filed a timely claim with defendant CITY OF ALBANY pursuant to California Government Code section 910 et seq.  Pursuant to Government Code section 912.4(c), this claim was deemed rejected by virtue of defendant CITY OF ALBANY's failure to act on it within 45 days of the date that it was filed.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983**
**(Against Defendants Torres and Boehm)**

52.  The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

53.  By the actions and omissions described above, defendants OFFICER MANNY TORREZ and OFFICER W. BOEHM violated 42 U.S.C. § 1983, depriving Plaintiff of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution:

   a. The right to freedom of speech as secured by the First and Fourteenth

Amendments;

    b.    The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    c.    The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

    d.    The right to equal protection of the laws as secured by the Fourth and Fourteenth Amendments;

54.    As a direct and proximate result of the acts and/or omissions of defendants OFFICER MANNY TORREZ and OFFICER W. BOEHM , Plaintiff sustained injuries and damages as set forth above.

55.    Defendants OFFICER MANNY TORREZ and OFFICER W. BOEHM subjected Plaintiff to wrongful conduct, depriving Plaintiff of rights described herein knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by his acts and/or omissions.

56.    The conduct of defendants OFFICER MANNY TORREZ and OFFICER W. BOEHM entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law.

57.    Plaintiff is also entitled to reasonable costs and attorneys fees under 42 U.S.C. § 1988 and applicable California codes and law.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**SECOND CAUSEOF ACTION**
**42 USC §1983 – Supervisory and Municipal Liability**
**(Against Defendant City of Albany)**

58.    The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

59.    On information and belief, the unconstitutional actions and/or omissions of defendant OFFICER MANNY TORREZ, as well as other officers employed by or acting on behalf of defendant CITY OF ALBANY, were pursuant to the following customs, policies, practices, and/or procedures of

defendant CITY OF ALBANY, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for defendant CITY OF ALBANY:

   a. To use or tolerate the use of excessive and/or unjustified force, including in the use and application of control holds during the seizure of a person;

   b. To engage in or tolerate unreasonable seizures;

   c. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning seizures and the use of control holds;

   d. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning racial profiling and racial discrimination;

   e. To cover-up violations of constitutional rights by any or all of the following:

      i. by failing to properly investigate and/or evaluate complaints or incidents of unlawful seizures and excessive force;

      ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

      iii. by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

   f. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department or hold another member accountable for official misconduct; and

   g. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct, including claims made under California Government Code § 910 et seq.

60. Defendant CITY OF ALBANY failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline defendant OFFICER MANNY TORREZ, and other law enforcement personnel, with deliberate indifference to Plaintiff's Constitutional rights, which were thereby violated as described above.

61. The unconstitutional actions and/or omissions of defendant OFFICER MANNY TORREZ, and other law enforcement personnel, as described above, were approved, tolerated and/or

ratified by policy making officers for Defendant CITY OF ALBANY. Plaintiff is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within Defendant CITY OF ALBANY, and that such policy makers have direct knowledge of the facts of this incident. Notwithstanding this knowledge, the authorized policy makers within Defendant CITY OF ALBANY have approved of the conduct of defendant OFFICER MANNY TORREZ, and other Police Department personnel, and have made a deliberate choice to endorse the decisions of those defendant officers and the basis for those decisions. By so doing, the authorized policy makers within Defendant CITY OF ALBANY have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

62. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendant CITY OF ALBANY were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 USC §1983, as more fully set forth above.

63. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

64. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendant CITY OF ALBANY as described above, Plaintiff sustained serious injury and is entitled to damages, penalties, costs and attorney fees as set forth above.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**THIRD CAUSE OF ACTION**
**VIOLATION OF CIVIL CODE § 52.1**
**(Against All Defendants)**

65. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

66. By the actions and omissions described above, each Defendant acting in concert/conspiracy, as described above and below, violated Plaintiff's rights under California Civil Code § 52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

   a. The right to freedom of speech as secured by the First and Fourteenth Amendments;

   b. The right to be free from unreasonable search and seizures as secured by the Fourth and Fourteenth Amendments;

   c. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

   d. The right to equal protection of the laws as secured by the Fourth and Fourteenth Amendments;

   e. The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, § 1;

   f. The right to life, liberty, and property and not to be deprived of those without due process of law as secured by the California Constitution, Article 1, § 7;

   g. The right to be free from unlawful and unreasonable seizure of one's person as secured by the California Constitution, Article 1, Section 13;

   h. The right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, §13;

   i. The right to equal protection of the law, as secured by the California Constitution, Article 1, §7; and

   j. The right to protection from bodily restraint, harm, or personal insult, as secured by Civil Code § 43.

67. As a direct result of Defendants' violation of Civil Code § 52.1 and Plaintiff's rights under the United States and California Constitutions and statutes, Plaintiff sustained injuries and

damages and is entitled to relief as set forth above, including all damages allowed by California Civil Code §§ 52, 52.1 and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**FOURTH CAUSE OF ACTION**
**NEGLIGENCE; PERSONAL INJURIES**
**(Against All Defendants)**

68. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

69. At all times, each Defendant owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

70. At all times, each Defendant owed Plaintiff the duty to act with reasonable care.

71. These general duties of reasonable care and due care owed to Plaintiff by all Defendants include but are not limited to the following specific obligations:

    a. to refrain from using excessive and/or unreasonable force against Plaintiff;

    b. to refrain from wrongfully arresting and/or detaining Plaintiff;

    c. to refrain from abusing their authority granted them by law;

    d. to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

72. Additionally, these general duties of reasonable care and due care owed to Plaintiffs by defendant CITY OF ALBANY, include but are not limited to the following specific obligations:

    a. to properly and adequately hire, investigate, train, supervise, monitor and discipline their employees, agents, and/or officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

    b. to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff's;

    c. to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth above.

73.  Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

74.  As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and is entitled to relief as set forth at above.

**FIFTH CAUSE OF ACTION**
**ASSAULT AND BATTERY**
**(Against All Defendants)**

75.  The allegations of each of the paragraphs set forth above are realleged and incorporated herein by reference.

76.  The actions and omissions of Defendants as set forth above constitute assault and battery.

77.  As a direct and proximate result of Defendants' assault and battery of Plaintiff, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above.

78.  Defendants OFFICER MANNY TORREZ and OFFICER W. BOEHM committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Plaintiff is thus entitled to recover punitive damages from defendants OFFICER MANNY TORREZ and OFFICER W. BOEHM in an amount according to proof.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**SIXTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Against All Defendants)**

79.  The allegations of each of the paragraphs set forth above are realleged and incorporated herein by reference.

80.  Plaintiff is a citizen of the State of California subject to the laws of the State.

81.  The function of the APD and its officers is to provide safety, service, and security to the citizens of California.  In performing this function the APD and its officers are cloaked in the authority of the State of California to enforce State laws through the use of restraint and necessary and reasonable

force, including arms and other deadly weapons. The APD's and its officers' authority to act on behalf of the State and to command the citizens of California is underscored by the criminal consequences, including imprisonment, of a citizen's failure to obey the commands of the APD and its police officers.

82. The conduct of Defendants set forth hereinabove was so extreme and so outrageous that this conduct exceeded the boundaries of a decent society. Said conduct was intended to cause severe emotional and physical distress, or was done in conscious disregard of the probability of causing such distress. This conduct included, but is not limited to, the conduct set forth above.

83. The conduct of Defendants set forth hereinabove was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress. APD's conduct, in confirming and ratifying that conduct, was done with knowledge that Plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to Plaintiff.

84. At all times herein mentioned, Defendant OFFICER MANNY TORREZ was an agent and an employee of defendant CITY OF ALBANY acting under color of law as agents and employees of defendant CITY OF ALBANY. Defendant CITY OF ALBANY is therefore liable for the acts of Defendants as herein alleged.

85. At all times herein mentioned, Defendant OFFICER W. BOEHM was an agent and an employee of defendant CITY OF ALBANY acting under color of law as agents and employees of defendant CITY OF ALBANY. Defendant CITY OF ALBANY is therefore liable for the acts of Defendants as herein alleged.

86. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered injuries and damages as set forth herein.

87. As a proximate result of Defendant's wrongful conduct, Plaintiff has suffered and continues to suffer embarrassment, humiliation and mental anguish all to damage in an amount according to proof.

88. Defendants OFFICER MANNY TORREZ and OFFICER W. BOEHM committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Plaintiff is thus entitled to recover punitive damages from defendants OFFICER MANNY TORREZ and OFFICER W. BOEHM in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth herein.

**DAMAGES**

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

  a. compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

  b. punitive damages under 42 USC §1983 and California law against the individual defendants in an amount according to proof and which is fair, just, and reasonable;

  c. all other damages, penalties, costs, interest, and attorney fees as allowed by 42 USC §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, 51.7, and as otherwise may be allowed by California and/or federal law;

  d. Injunctive relief, including but not limited to the following:

    i. an order prohibiting Defendants and their police officers from unlawfully interfering with the rights of Plaintiff and others to be free from unreasonable searches and seizures and excessive and unreasonable force;

    ii. an order prohibiting Defendants and their police officers from engaging in the "code of silence" as may be supported by the evidence in this case; and

    iii. an order requiring Defendants to train all APD Officers concerning this Court's orders concerning the issues raised in injunctive relief requests above;

  e. such other and further relief as presented by the evidence in this case and as this Court may deem appropriate.

1 | Dated: December 26, 2007

SUNDEEN SALINAS & PYLE

By: *[signature]*
Hunter Pyle

Attorneys for Plaintiff
OLIVER MEYER