ANN M. ASIANO    (SBN 094891)
LOREN B. HOPKINS (SBN 219256)
BRADLEY, CURLEY, ASIANO, BARRABEE & GALE, P.C.
1100 Larkspur Landing Circle
Suite 200
Larkspur, CA  94939
Telephone:  (415) 464-8888
Facsimile:   (415) 464-8887
ama@professionals-law.com
lhopkins@professionals-law.com

Attorneys for Defendants
CITY OF ALBANY, OFFICER MANNY TORRES (erroneously sued herein as TORREZ) and OFFICER W. BOEHM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OLIVER MEYER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF ALBANY, a public entity;<br>OFFICER MANNY TORRES #16; and<br>DOES 1-10, Jointly and Severally,<br><br>　　　　　Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. **C 07 3755 JCS**<br><br>**DEFENDANTS CITY OF ALBANY, OFFICER MANNY TORRES AND OFFICER W.  BOEHM'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL**<br><br>_____ |

Pursuant to Rule 8 of the FEDERAL RULES OF CIVIL PROCEDURE, Defendants City of Albany, Officer Manny Torres and Officer William Boehm (hereinafter collectively the "Answering Defendants ") answer Plaintiff's First Amended Complaint as follows:

1.　　As to Paragraph 1 of the Complaint, these Answering Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations regarding either Plaintiff's alleged age, occupation or Plaintiff's arrest/detainment record.

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

- 1 -

DEFENDANTS CITY OF ALBANY, OFFICER MANNY TORRES AND OFFICER BILL BOEHM'S ANSWER  TO PLAINTIFF'S FIRST
AMENDED COMPLAINT FOR DAMAGES

2.    As to Paragraph 2 of the Complaint, these Answering Defendants admit to the night in question of April 15, 2007, the City of Albany's officer, Manny Torres was on duty and stopped Plaintiff and his two friends. These Answering Defendants deny all other allegations as contained in this paragraph.

3.    Answering Paragraph 3 of the Complaint, these Answering Defendants deny all allegations as contained in this paragraph based on the sequence of events, speculation as to the sequence of events on Plaintiff's part and the actual exchanges that took place on April 15, 2007 by and between Plaintiff and Defendant Officer Manny Torres. These Answering Defendants further deny all allegations regarding the use of force by Defendant Officer Manny Torres.

4.    Answering Paragraph 4, these Answering Defendants deny all allegations as contained in this paragraph based on disputed factual accounts of the events which took place on April 15, 2007. These Answering Defendants further deny all allegations regarding the use of force by either Defendant Officer Manny Torres or Defendant Officer W. Boehm. Further, these Answering Defendants deny that Officer W. Boehm "broke" Plaintiff's right elbow.

5.    Answering Paragraph 5, these Answering Defendants deny all allegations as contained in this paragraph regarding any action on the part of Defendant Officer Manny Torres as either inappropriate, unwarranted or unreasonable under the circumstances of Plaintiff's detention and arrest. These Answering Defendants deny the sequence of events as indicated by Plaintiff. Moreover, these Answering Defendants deny that the method of handcuffing caused Plaintiff any paint to Plaintiff. These Answering Defendants admit that handcuffs were used and their use pursuant to protocol and rationally acceptable standards.

6.    Answering Paragraph 6, these Answering Defendants deny all allegations as contained in this paragraph regarding any action on the part of Defendant Officer Manny Torres as either inappropriate, unwarranted or unreasonable under the circumstances. Moreover, these Answering Defendants deny that "Defendant Officer Manny Torres' actions were thus calculated to torture Plaintiff and cause him the most possible pain and discomfort." Moreover, these Answering Defendants deny the total amount of time Plaintiff spent in handcuffs.

///

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 2 -

DEFENDANTS CITY OF ALBANY, OFFICER MANNY TORRES AND OFFICER BILL BOEHM'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

1      7.     Answering Paragraph 7, these Answering Defendants deny that any injuries

2  suffered by Plaintiff be they right elbow injuries, emotional or psychological distress, can be

3  attributed to the conduct of these Answering Defendants.  Further, Defendants further deny that

4  any claimed injuries to Plaintiff's right elbow are "permanent."

5      8.     Answering Paragraph 8, these Answering Defendants admit that Defendant Officer

6  Torres detained Plaintiff on the night of April 15, 2007, but otherwise deny the characterization

7  that the detainment of Plaintiff was an "unreasonable seizure" and deny that excessive force was

8  ever used. Defendants further deny that the location was in Berkeley.  These Answering

9  Defendants admit these statutory and constitutional provisions under which the action is brought

10  confer jurisdiction.  However, these Answering Defendants otherwise lack sufficient knowledge or

11  information sufficient to form a belief as to the truth of the allegations regarding the amount in

12  controversy.

13      9.     Answering Paragraph 9, these Answering Defendants admit to the supplemental

14  jurisdiction of the Court to hear and decide state law claims.

15      10.    Answering Paragraph 10, these Answering Defendants admit based on information

16  and belief that the events occurred in Alameda County and thus, that the Northern District Court is

17  the appropriate forum.

18      11.    Answering Paragraph 11, these Answering Defendants deny the allegations

19  regarding Plaintiff's residence based on lack of confirmation of Plaintiff's address.

20      12.    Answering Paragraph 12, Defendant City of Albany admits that the City is a

21  municipal corporation which was organized under the laws of the State of California and, as such,

22  gives authorization to the Albany Police Department, including authority regarding its operation.

23      13.    Answering Paragraph 13, Defendant City of Albany admits that Defendant Officer

24  Manny Torres was/is an employee, agent and servant of the City of Albany at all times relevant to

25  this action.

26      14.    Answering Paragraph 14, Defendant City of Albany admits that Defendant Officer

27  W. Boehm was an employee, agent and servant of the City of Albany at all times relevant to this

28  action.

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 3 -

DEFENDANTS CITY OF ALBANY, OFFICER MANNY TORRES AND OFFICER BILL BOEHM'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT FOR DAMAGES

15.    Answering Paragraph 15, Defendant City of Albany admits that Defendant Officer Manny Torres Defendant Officer W. Boehm were working during the course and scope of their employment at all times relevant to this action.

16.    Answering Paragraph 16, these Answering Defendants deny that all of the actions giving rise to the lawsuit occurred in Berkeley, California.  Based on information and belief with regard to the borders and the streets indicated in the complaint, the events occurred in Albany, California.

17.    Answering Paragraph 17,  these Answering Defendants deny all allegations as contained in this paragraph regarding true names and capacities of fictitious defendants and their respective relationship to Defendant City of Albany based on lack of information of defense counsel at this time.

18.    Answering Paragraph 18,  these Answering Defendants deny all allegations regarding any negligence, wrongful or otherwise irresponsible conduct on their part and as contained in this paragraph.  Morever, these Answering Defendants deny all allegations regarding any action on the part of Defendants on the night of April 15, 2007 as being the proximate cause of injuries or damages to Plaintiff.  Defendant City of Albany admits that it was responsible for the hiring, training, supervision and discipline of Defendant Officer Manny Torres at all material times to this action.

19.    Answering Paragraph 19, Defendant City of Albany admits to the allegations that both Defendant Officer Manny Torres and Defendant Officer W. Boehm were agents, servants, and employees of Defendant City of Albany at all time material to Plaintiff's complaint. However, Defendant City of Albany denies the allegations that Defendant Officer Manny Torres and Defendant Officer W. Boehm were partners, joint venturers, co-conspirators or alter-egos of Defendant City of Albany based on the mischaraterization and misuse of these terms in any context be it civil or criminal.  Defendant City of Albany has already admitted in Paragraph 15 that Defendant Officer Manny Torres and Defendant Officer W. Boehm were acting within the course and scope of their employment with Defendant City of Albany.  Therefore, these Answering Defendants deny the contents of this paragraph on the basis of the repetitive nature of the

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 4 -

DEFENDANTS CITY OF ALBANY, OFFICER MANNY TORRES AND OFFICER BILL BOEHM'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

1  allegation. Defendant City of Albany admits that it gave its consent, aid and assistance to

2  Defendant Officer Manny Torres and Defendant Officer Boehm in its employment relationship

3  and as such, ratified and authorized Defendant Officer Manny Torres and Defendant Officer

4  Boehm's alleged acts or omissions.

5       20.    Answering Paragraph 20,  these Answering Defendants deny all allegations as

6  contained in this paragraph based on disputed accounts of the events as they occurred on April 15,

7  2007.  Further, Defendants deny that they were engaged in any tortious activity.

8       21.    Answering Paragraph 21,  these Answering Defendants deny all allegations as

9  contained in this paragraph based on the vagueness and ambiguity of the wording of the

10  allegations.  These Answering Defendants admit that they were in compliance with the law,

11  statutes, ordinances and regulations of the State of California.

12      22.    Answering Paragraph 22,  these Answering Defendants deny all allegations as

13  contained in this paragraph based on the paragraph's vagueness and ambiguity as well as the fact

14  that the statements are argumentative and conclusory as contained therein.

15      23.    Answering Paragraph 23, these Answering Defendants deny allegations as

16  contained in this paragraph.

17      24.    Answering Paragraph 24, these Answering Defendants lack sufficient

18  confirmation sufficient to form a belief as to the truth of the allegations contained in

19   this paragraph.

20      25.    Answering Paragraph 25, these Answering Defendants admit to the night in

21  question as being April 15, 2007 and that Plaintiff was accompanied by two friends, based on

22  information and belief.  However, these Answering Defendants deny the precise time.

23      26.    Answering Paragraph 26, these Answering Defendants admit to the night in

24  question as being April 15, 2007, but deny the allegations as contained in this paragraph.

25      27.    Answering Paragraph 27, these Answering Defendants these Answering Defendants

26  admit to the night in question as being April 15, 2007, but deny the allegations as contained in this

27  paragraph.

28  ///

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C..
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 5 -

DEFENDANTS CITY OF ALBANY, OFFICER MANNY TORRES AND OFFICER BILL BOEHM'S ANSWER  TO PLAINTIFF'S FIRST
AMENDED COMPLAINT FOR DAMAGES

1    28.    Answering Paragraph 28, these Answering Defendants deny all allegations as

2    contained in this paragraph based on speculation on the part of Plaintiff, facts in dispute regarding

3    the sequence of events and the actual content of the exchanges between Defendant Officer Manny

4    Torres and Plaintiff.

5    29.    Answering Paragraph 29, these Answering Defendants deny all allegations as

6    contained in this paragraph based on speculation on the part of Plaintiff, facts in dispute regarding

7    the sequence of events and the actual content of the exchanges between Defendant Officer Manny

8    Torres and Plaintiff.

9    30.    Answering Paragraph 30, these Answering Defendants deny all allegations as

10    contained in this paragraph based on speculation on the part of Plaintiff, facts in dispute regarding

11    the sequence of events and the actual content of the exchanges between Defendant Officer Manny

12    Torres and Plaintiff.

13    31.    Answering Paragraph 31, these Answering Defendants deny all allegations as

14    contained in this paragraph based on speculation on the part of Plaintiff, facts in dispute regarding

15    the sequence of events and the actual content of the exchanges between Defendant Officer Manny

16    Torres and Plaintiff.

17    32.    Answering Paragraph 32, these Answering Defendants deny all allegations as

18    contained in this paragraph based on speculation on the part of Plaintiff, facts in dispute regarding

19    the sequence of events and the actual content of the exchanges between Defendant Officer Manny

20    Torres and Plaintiff.

21    33.    Answering Paragraph 33, these Answering Defendants deny all allegations as

22    contained in this paragraph regarding the exchange between Officer Manny Torres and Plaintiff

23    based on based on speculation on the part of Plaintiff, facts in dispute regarding the sequence of

24    events and the actual content of the exchanges between Defendant Officer Manny Torres and

25    Plaintiff.

26    34.    Answering Paragraph 34, these Answering Defendants deny all allegations

27    contained in this paragraph as to how the exchange between Defendant Officer Manny Torres and

28    Plaintiff actually occurred based on disputed facts.  These Answering Defendants specifically deny

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA  94939
TEL (415) 464-9888
FAX (415) 464-8887

- 6 -

DEFENDANTS CITY OF ALBANY, OFFICER MANNY TORRES AND OFFICER BILL BOEHM'S ANSWER  TO PLAINTIFF'S FIRST
AMENDED COMPLAINT FOR DAMAGES

1  that Plaintiff "did not resist" and allege that Plaintiff failed to cooperate with Albany Police

2  Department's uniformed officers during the scope of his detainment and arrest.  Further,

3  Defendants allege that Plaintiff resisted all officers who came into contact with Plaintiff on the

4  evening of April 15, 2007. Further, these Answering Defendants also deny the allegation that

5  Defendant Officer Manny Torres began to twist Plaintiff's arms in a manner that was calculated to

6  cause Plaintiff pain and discomfort. These Answering Defendants also deny the allegation that

7  pushed Defendants Officer Manny Torres Plaintiff onto the hood of Defendant Officer Manny

8  Torres' vehicle.  These Answering Defendants deny that any injuries sustained by Plaintiff on

9  April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

10      35.    Answering Paragraph 35, these Answering Defendants deny all allegations as

11  contained in this paragraph based on lack of knowledge that Plaintiff actually called to his friends

12  to call to his mother. Further, these Answering Defendants deny all allegations as contained in this

13  paragraph as vague as to time.

14      36.    Answering Defendants 36, these Answering Defendants deny all allegations as

15  contained in this paragraph and specifically deny that Plaintiff "did not resist defendant OFFICER

16  MANNY TORREZ" and allege that Plaintiff failed to cooperate with Albany Police Department's

17  uniformed officers during the scope of his detainment and arrest.  Further, these Answering

18  Defendants deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the

19  acts or omissions of Answering Defendants.

20      37.    Answering Paragraph 37, these Answering Defendants deny all allegations as

21  contained in this paragraph based on the speculation on the part of Plaintiff and facts in dispute

22  regarding the sequence and actual content of events on April 15, 2007.  Further, these Answering

23  Defendants deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the

24  acts or omissions of Answering Defendants.

25      38.    Answering Paragraph 38, these Answering Defendants deny all allegations as

26  contained in this paragraph based on the speculation on the part of Plaintiff as to time he began to

27  "shout in pain" and facts in dispute regarding the sequence and actual content of events on April

28  15, 2007. Further, these Answering Defendants deny that any injuries sustained by Plaintiff on

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

- 7 -

DEFENDANTS CITY OF ALBANY, OFFICER MANNY TORRES AND OFFICER BILL BOEHM'S ANSWER  TO PLAINTIFF'S FIRST
AMENDED COMPLAINT FOR DAMAGES

1    April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

2    39.    Answering Paragraph 39, these Answering Defendants deny all allegations as

3    contained in this paragraph based on the speculation on the part of Plaintiff as to time he began to

4    "again cr[y] in pain" and facts in dispute regarding the sequence and actual content of events on

5    April 15, 2007. Further, these Answering Defendants deny that any injuries sustained by Plaintiff

6    on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

7    40.    Answering Paragraph 40, these Answering Defendants deny all allegations as

8    contained in this paragraph based on the speculation on the part of Plaintiff as to time he began to

9    "scream and shout" and facts in dispute regarding the sequence and actual content of events on

10    April 15, 2007. Further, these Answering Defendants deny that any injuries sustained by Plaintiff

11    on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

12    41.    Answering Paragraph 41, these Answering Defendants admit that Plaintiff was

13    taken to a hospital, but otherwise deny all allegations as contained in this paragraph based on facts

14    in dispute regarding the sequence and actual content of events on April 15, 2007.  Further, these

15    Answering Defendants deny that any injuries sustained by Plaintiff on April 15, 2007 can be

16    attributed to the acts or omissions of Answering Defendants.  Furthermore, these Answering

17    Defendants deny that there is any significance other than Albany Police Department protocol with

18    regard to the use of Highland Hospital versus Alta Bates.

19    42.    Answering Paragraph 42, these Answering Defendants deny all allegations as

20    contained in this paragraph based on facts in dispute regarding the sequence and actual content of

21    events on April 15, 2007.  Further, these Answering Defendants deny that any injuries sustained

22    by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

23    43.    Answering Paragraph 43, these Answering Defendants deny all allegations as

24    contained in this paragraph based on facts in dispute regarding the sequence and actual content of

25    events on April 15, 2007.  Further, these Answering Defendants deny that any injuries sustained

26    by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

27    44.    Answering Paragraph 44, these Answering Defendants admit that Plaintiff was

28    diagnosed with a fractured right elbow, but otherwise deny all allegations as contained in this

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.,
  1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 8 -

DEFENDANTS CITY OF ALBANY, OFFICER MANNY TORRES AND OFFICER BILL BOEHM'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT FOR DAMAGES

1   paragraph either with the respect to causation. Further, these Answering Defendants further deny

2   that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions

3   of Answering Defendants.

4       45.     Answering Paragraph 45, these Answering Defendants deny that Plaintiff is right-

5   handed as having no basis for verification of the same. Similarly, these Answering Defendants

6   deny the precise length of time that Plaintiff has been unable to use his right hand and its use with

7   respect to typing, driving and writing. Further, these Answering Defendants deny that Plaintiff has

8   had to hire an assistant based on lack of verifiable information. Furthermore, these Answering

9   Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed

10   to the acts or omissions of Answering Defendants.

11       46.     Answering Paragraph 46, these Answering Defendants deny all allegations as

12   contained in this paragraph based on based on facts in dispute regarding the sequence and actual

13   content of events on April 15, 2007. These Answering Defendants allege that Plaintiff failed to

14   act "lawfully and peacefully, failed to cooperate with Defendant Officer Manny Torres and

15   otherwise thwarted and obstructed Defendants Officer Manny Torres' investigation within the

16   meaning of the applicable statute and was cited accordingly. Additionally, these Answering

17   Defendants allege that Plaintiff was a threat to himself and others on the April 15, 2007 and was

18   cited accordingly. Further, these Answering Defendants deny that any injuries sustained by

19   Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

20   These Answering Defendants, however, admit that Plaintiff never displayed a weapon on April 15,

21   2007.

22       47.     Answering Paragraph 47, these Answering Defendants deny all allegations as

23   contained in this paragraph based on facts in dispute regarding the sequence and actual content of

24   events on April 15, 2007. These Answering Defendants allege that Plaintiff failed to act "lawfully

25   and peacefully," failed to cooperate with Defendant Officer Manny Torres and otherwise thwarted

26   and obstructed Defendants Officer Manny Torres' investigation within the meaning of the

27   applicable statute and was cited accordingly. Additionally, these Answering Defendants allege

28   that Plaintiff was a threat to himself and others on the April 15, 2007 and was cited accordingly.

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.,
  1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

DEFENDANTS CITY OF ALBANY, OFFICER MANNY TORRES AND OFFICER BILL BOEHM'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT FOR DAMAGES

1   Further, these Answering Defendants deny that any injuries sustained by Plaintiff on April 15,

2   2007 can be attributed to the acts or omissions of Answering Defendants.  These Answering

3   Defendants deny that the use of force was "unjustified" and "objectively unreasonable under the

4   circumstances."

5        48.    Answering Paragraph 48, these Answering Defendants deny all allegations as

6   contained in this paragraph based on facts in dispute regarding the sequence and actual content of

7   events on April 15, 2007. Further, these Answering Defendants deny that the seizure was

8   "excessive," deny that it was "conducted unreasonably," and deny that it was "done without

9   probably cause, reasonable suspicion or legal right."

10        49.    Answering Paragraph 49, these Answering Defendants deny all allegations as

11   contained in this paragraph based on facts in dispute regarding the sequence and actual content of

12   events on April 15, 2007.  Further, these Answering Defendants deny that any of Defendants "acts

13   or omissions seizure were " intentional, wanton/willful, conscience shocking, reckless, malicious,

14   deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent and

15   objectively unreasonable."

16        50.    Answering Paragraph 50, these Answering Defendants deny all allegations as

17   contained in this paragraph based on facts in dispute regarding the sequence and actual content of

18   events on April 15, 2007.  Further, these Answering Defendants deny that any injuries sustained by

19   Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

20   These Answering Defendants admit, however, that Plaintiff was taken to a hospital on the night of

21   April 15, 2007. As to the list of damages described a-i, these Answering Defendants deny these

22   allegations based on lack of sufficient and proof that these items occurred and due to lack of causal

23   connection to the acts or omissions of Defendants.

24        51.    Answering Paragraph 51, these Answering Defendants deny all allegations as

25   contained in this paragraph based on lack of information available to defense counsel with regard

26   to Plaintiff's exhaustion of remedies available.

27   ///

28   ///

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

- 10 -

DEFENDANTS CITY OF ALBANY, OFFICER MANNY TORRES AND OFFICER BILL BOEHM'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT FOR DAMAGES

1

**FIRST CAUSE OF ACTION**

2

**42 U.S.C. §1983**

3

**Excessive Force**

4

**(Against "Defendants Torrez and Boehm")**

5     52.     Answering Paragraph 52, these Answering Defendants incorporate their responses

6     to Paragraphs 1 through 51.

7     53.     Answering Paragraph 53, these Answering Defendants deny the allegations as

8     contained in Paragraphs 53.  In any event, Officers Torres and Boehm specifically deny that any

9     excessive force was ever used and deny that the detention of Plaintiff was unreasonable under the

10    circumstances of Plaintiff's arrest and specifically deny any of the items a-d were deprived of

11    Plaintiff.  Further, these Answering Defendants further deny that any injuries sustained by Plaintiff

12    on April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

13    54.     Answering Paragraph 54, these Answering Defendants deny all allegations

14    as contained in this paragraph.  In any event, these Answering Defendants deny that any excessive

15    force was ever used and deny that the detention of Plaintiff was unreasonable under the

16    circumstances of Plaintiff's arrest. Further, these Answering Defendants further deny that any

17    injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of

18    Answering Defendants.

19    55.     Answering Paragraph 55, these Answering Defendants deny all allegations

20    as contained in this paragraph.  Moreover, Defendant Officer Torres and Defendant Officer Boehm

21    deny that there was any wrongful conduct on their part.  These Answering Defendants further deny

22    that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions

23    of Answering Defendants.

24    56.     Answering Paragraph 56, these Answering Defendants deny all allegations

25    as contained in this paragraph.  Moreover, Defendant Officer Torres and Defendant Officer Boehm

26    deny that there was any wrongful conduct on their part.  These Answering Defendants further deny

27    that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions

28    of Answering Defendants.

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 11 -

DEFENDANTS CITY OF ALBANY, OFFICER MANNY TORRES AND OFFICER BILL BOEHM'S ANSWER  TO PLAINTIFF'S FIRST
AMENDED COMPLAINT FOR DAMAGES

1       57.    Answering Paragraph 57, these Answering Defendants deny all allegations

2  as contained in this paragraph. Moreover, Defendant Officer Torres and Defendant Officer Boehm

3  deny that there was any wrongful conduct on their part. These Answering Defendants further deny

4  that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions

5  of Answering Defendants.

6  **SECOND CAUSE OF ACTION**

7  **42 U.S.C. §1983**

8  **Supervisory and Municipal Liability**

9  **(Against Defendant City of Albany)**

10       58.    Answering Paragraph 58, these Answering Defendants incorporate their responses

11  to Paragraphs 1 through 57.

12       59.    Answering Paragraph 59, these Answering Defendants deny all allegations

13  as contained in this paragraph. Moreover, these Answering Defendants deny the allegations as

14  contained in Paragraphs 59 subsections a-g on the grounds that the allegations improperly attempt

15  to argue an issue of law in the Complaint. In any event, these Answering Defendants deny that any

16  excessive force was ever used and deny that the detention of Plaintiff was unreasonable under the

17  circumstances. Moreover, Defendant Officer Torres denies that there was any wrongful conduct

18  on his part. These Answering Defendants further deny that any injuries sustained by Plaintiff on

19  April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

20       60.    Answering Paragraph 60, these Answering Defendants deny all allegations

21  as contained in this paragraph. Moreover, Defendant City of Albany denies that there was any

22  wrongful conduct on the part of Defendant Officer Torres. These Answering Defendants further

23  deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or

24  omissions of Answering Defendants.

25       61.    Answering Paragraph 61, these Answering Defendants deny all allegations

26  as contained in this paragraph. Moreover, Defendant City of Albany denies that there was any

27  wrongful conduct on the part of Defendant Officer Torres. Thus, there was no "wrongful conduct"

28  on the part of Defendant Officer Torres to approve, ratify, endorse, or affirmatively agree with.

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

DEFENDANTS CITY OF ALBANY, OFFICER MANNY TORRES AND OFFICER BILL BOEHM'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

1  Moreover, Defendant Officer Torrez denies that there was any unconstitutional actions/omissions

2  on his part.  These Answering Defendants further deny that any injuries sustained by Plaintiff on

3  April 15, 2007 can be attributed to the acts or omissions of Answering Defendants.

4        62.    Answering Paragraph 62, these Answering Defendants deny all allegations

5  as contained in this paragraph.  Moreover, Defendant City of Albany denies that there was any

6  wrongful conduct and/or unconstitutional conduct on the part of Defendant Officer Torres.  These

7  Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can

8  be attributed to the acts or omissions of Answering Defendants.

9        63.    Answering Paragraph 63, these Answering Defendants deny all allegations

10  as contained in this paragraph.  Moreover, Defendant City of Albany denies that there was any

11  wrongful conduct on the part of Defendant Officer Torres and/or Defendant Officer Boehm.

12  These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15,

13  2007 can be attributed to the acts or omissions of Answering Defendants.

14        64.    Answering Paragraph 64, these Answering Defendants deny all allegations

15  as contained in this paragraph.  Moreover, Defendant City of Albany denies that there was any

16  wrongful conduct on the part of Defendant Officer Torres and/or Defendant Officer Boehm.

17  These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15,

18  2007 can be attributed to the acts or omissions of Answering Defendants.

19                          **THIRD CAUSE OF ACTION**

20                       **Violation of Cal. Civ. Code § 52.1**

21                          **(Against all Defendants)**

22        65.    Answering Paragraph 65, these Answering Defendants incorporate their responses

23  to Paragraphs 1 through 64.

24        66.    Answering Paragraph 66, these Answering Defendants deny all allegations

25  as contained in this paragraph.  Moreover, these Answering Defendants deny the allegations as

26  contained in Paragraph 64 subsections a-j on the grounds that the allegations improperly attempt to

27  argue an issue of law in the Complaint.  In any event, these Answering Defendants deny that any

28  excessive force was ever used and deny that the detention of Plaintiff was unreasonable under the

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

- 13 -

DEFENDANTS CITY OF ALBANY, OFFICER MANNY TORRES AND OFFICER BILL BOEHM'S ANSWER  TO PLAINTIFF'S FIRST
AMENDED COMPLAINT FOR DAMAGES

1  circumstances of Plaintiff's arrest. Moreover, Defendant Officer Torres and/or Defendant Officer

2  Boehm deny that there was any wrongful conduct on their part. These Answering Defendants

3  further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts

4  or omissions of Answering Defendants.

5       67.    Answering Paragraph 67, these Answering Defendants deny all allegations as

6  contained in this paragraph. Moreover, these Answering Defendants deny that there was any

7  wrongful conduct on the part of Defendant Officer Torres and/or Defendant Officer Boehm.

8  These Answering Defendants further deny that any injuries sustained by Plaintiff on April 15,

9  2007 can be attributed to the acts or omissions of Answering Defendants.

10  **FOURTH CAUSE OF ACTION**

11  **Negligence; Personal Injuries**

12  **(Against all Defendants)**

13       68.    Answering Paragraph 68, these Answering Defendants incorporate their responses

14  to Paragraphs 1 through 67.

15       69.    Answering Paragraph 69, these Answering Defendants deny all allegations as

16  contained in this paragraph. Moreover, these Answering Defendants deny the allegations as

17  contained in the same on the grounds that the allegations improperly attempt to argue an issue of

18  law in the Complaint. In any event, these Answering Defendants deny that any excessive force

19  was ever used and deny that either Officer Manny Torres and/or Officer Bill Boehm neglected to

20  act with due care in the duties as a peace officer. Moreover, Defendant Officer Torres and/or

21  Defendant Officer Boehm deny that there was any wrongful conduct on their part. These

22  Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can

23  be attributed to the acts or omissions of Answering Defendants.

24       70.    Answering Paragraph 70, these Answering Defendants deny all allegations as

25  contained in this paragraph. Moreover, these Answering Defendants deny the allegations as

26  contained in the same on the grounds that the allegations improperly attempt to argue an issue of

27  law in the Complaint. In any event, these Answering Defendants deny that either Officer Manny

28  Torres and/or Officer Bill Boehm neglected to act with reasonable care in their duties as a peace

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

DEFENDANTS CITY OF ALBANY, OFFICER MANNY TORRES AND OFFICER BILL BOEHM'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT FOR DAMAGES

1  officer. Moreover, Defendant Officer Torres and/or Defendant Officer Boehm deny that there was

2  any wrongful conduct on their part. These Answering Defendants further deny that any injuries

3  sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering

4  Defendants.

5          71.    Answering Paragraph 71, these Answering Defendants deny all allegations as

6  contained in this paragraph. Moreover, these Answering Defendants deny the allegations as

7  contained in the same on the grounds that the allegations improperly attempt to argue an issue of

8  law in the Complaint. In any event, these Answering Defendants deny that any excessive force

9  was ever used and deny that either Officer Manny Torres and/or Officer Bill Boehm neglected to

10 act with due care in their duties as a peace officer. Moreover, Defendant Officer Torres and/or

11 Defendant Officer Boehm deny that there was any wrongful conduct on their part. These

12 Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can

13 be attributed to the acts or omissions of Answering Defendants.

14         72.    Answering Paragraph 72, these Answering Defendants deny all allegations as

15 contained in this paragraph. Moreover, these Answering Defendants deny the allegations as

16 contained in the same on the grounds that the allegations improperly attempt to argue an issue of

17 law in the Complaint. In any event, these Answering Defendants deny that and deny that either

18 Officer Manny Torres and/or Officer Bill Boehm neglected to act with due care in their duties as a

19 peace officer. Moreover, Defendant Officer Torres and/or Defendant Officer Boehm deny that

20 there was any wrongful conduct on their part. These Answering Defendants further deny that any

21 injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of

22 Answering Defendants.

23         73.    Answering Paragraph 73, these Answering Defendants deny all allegations as

24 contained in this paragraph. In any event, these Answering Defendants deny that either Officer

25 Manny Torres and/or Officer Bill Boehm neglected to act with due care in their duties as a peace

26 officer. Moreover, Defendant Officer Torres and/or Defendant Officer Boehm deny that there was

27 any wrongful conduct on their part. These Answering Defendants further deny that any injuries

28 ///

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 15 -

DEFENDANTS CITY OF ALBANY, OFFICER MANNY TORRES AND OFFICER BILL BOEHM'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT FOR DAMAGES

1  sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering

2  Defendants.

3       74.    Answering Paragraph 74, these Answering Defendants deny all allegations as

4  contained in this paragraph.  These Answering Defendants deny that Plaintiff neglected to act with

5  due care in their duties as a peace officer.  Moreover, Defendant Officer Torres and/or Defendant

6  Officer Boehm deny that there was any wrongful conduct on their part.  These Answering

7  Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed

8  to the acts or omissions of Answering Defendants.

9                              **FIFTH CAUSE OF ACTION**

10                             **Assault and Battery**

11                            **(Against All Defendants)**

12      75.    Answering Paragraph 75, these Answering Defendants incorporate their responses

13  to Paragraphs 1 through 74.

14      76.    Answering Paragraph 76, these Answering Defendants deny all allegations as

15  contained in this paragraph.  Moreover, these Answering Defendants deny the allegations as

16  contained in the same on the grounds that the allegations improperly attempt to argue an issue of

17  law in the Complaint.  These Answering Defendants deny that and deny that either Officer Manny

18  Torres and/or Officer Bill Boehm neglected to act with due care in their duties as a peace officer.

19  Moreover, Defendant Officer Torres and/or Defendant Officer Boehm deny that there was any

20  wrongful conduct on their part.  These Answering Defendants further deny that any injuries

21  sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering

22  Defendants.

23      77.    Answering Paragraph 77, these Answering Defendants deny all allegations as

24  contained in this paragraph.  These Answering Defendants deny that either Officer Manny Torres

25  and/or Officer Bill Boehm  neglected to act with due care in their duties as a peace officer.

26  Moreover, Defendant Officer Torres and Defendant Officer Boehm deny that there was any

27  wrongful conduct on their part.  These Answering Defendants further deny that any injuries

28  ///

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

- 16 -

DEFENDANTS CITY OF ALBANY, OFFICER MANNY TORRES AND OFFICER BILL BOEHM'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT FOR DAMAGES

1    sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Answering

2    Defendants.

3        78.    Answering Paragraph 78, these Answering Defendants deny all allegations as

4    contained in this paragraph.  These Answering Defendants deny that either Officer Manny Torres

5    and/or Officer Bill Boehm  neglected to act with due care in their duties as a peace officer.

6    Moreover, Defendant Officer Torres and Defendant Officer Boehm deny that there was any

7    wrongful conduct on their part.

8        These Answering Defendants further deny that any injuries sustained by Plaintiff on April

9    15, 2007 can be attributed to the acts or omissions of Answering  Defendants.

10                        **SIXTH CAUSE OF ACTION**

11                  **Intentional Infliction of Emotional Distress**

12                        **(Against All Defendants)**

13        79.    Answering Paragraph 79, these Answering Defendants incorporate their responses

14    to Paragraphs 1 through 78.

15        80.    Answering Paragraph 80, these Answering Defendants lack sufficient knowledge or

16    information sufficient to form a belief as to the truth of the allegations as contained in this

17    paragraph.

18        81.    Answering Paragraph 81, these Answering Defendants admit that the Albany Police

19    Department's function is to provide safety, service and security to the citizens of California.

20    Moreover, these Answering Defendants admit that the Albany Police Department's officers are

21    vested with authority from the State of California to enforce state laws through the use of

22    reasonable and necessary force.  Additionally, these Answering Defendants admit that there are

23    criminal consequences for failure of citizens' to abide by lawful commands of peace officers, but

24    otherwise deny the allegations in the last sentence of this paragraph as vague and a

25    mischaraterization of the Albany Police Department's officers' execution of their duties.

26        82.    Answering Paragraph 82, these Answering Defendants deny all allegations as

27    contained in this paragraph.  These Answering Defendants deny that neglected to act with due care

28    in the duties as a peace officer. Moreover, Defendant Officer Torres and/or Officer Bill Boehm

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

- 17 -

DEFENDANTS CITY OF ALBANY, OFFICER MANNY TORRES AND OFFICER BILL BOEHM'S ANSWER  TO PLAINTIFF'S FIRST
AMENDED COMPLAINT FOR DAMAGES

1  deny that there was any wrongful conduct on their part. These Answering Defendants further deny
2  that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions
3  of Answering Defendants.

4        83.    Answering Paragraph 83, these Answering Defendants deny all allegations as
5  contained in this paragraph. These Answering Defendants deny that Defendant Officer Torres
6  and/or Defendant Officer Bill Boehm neglected to act with due care in their duties as a peace
7  officer. Moreover, Defendant Officer Torres and/or Defendant Officer Bill Boehm deny that there
8  was any wrongful conduct on their part. These Answering Defendants further deny that any
9  injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of
10  Answering Defendants.

11        84.    Answering Paragraph 84, these Answering Defendants admit that Defendant Officer
12  Manny Torres was an agent and employee of Defendant City of Albany and, as such, was at all
13  times material to the Complaint. Defendant City of Albany further admits that it is liable for the
14  acts of its agents and employees in theory. However, these Answering Defendants deny that
15  Defendant Officer Manny Torres neglected to act with due care in the duties as a peace officer.
16  Moreover, Defendant Officer Torres denies that there was any wrongful conduct on his part. These
17  Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can
18  be attributed to the acts or omissions of Answering Defendants.

19        85.    Answering Paragraph 85, these Answering Defendants admit that Defendant Officer
20  Bill Boehm was an agent and employee of Defendant City of Albany and, as such, was at all times
21  material to the Complaint. Defendant City of Albany further admits that it is liable for the acts of
22  its agents and employees in theory. However, these Answering Defendants deny that Defendant
23  Officer Bill Boehm neglected to act with due care in the duties as a peace officer. Moreover,
24  Defendant Officer Bill Boehm denies that there was any wrongful conduct on his part. These
25  Answering Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can
26  be attributed to the acts or omissions of Answering Defendants.

27        86.    Answering Paragraph 86, these Answering Defendants deny all allegations as
28  contained in this paragraph. These Answering Defendants deny that either Defendant Officer

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 18 -

1  Manny Torres or Defendant Officer Bill Boehm neglected to act with due care in their duties as a

2  peace officer.  Moreover, Defendant Officer Torres and Defendant Officer Bill Boehm deny that

3  there was any wrongful conduct on their part. These Answering Defendants further deny that any

4  injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of

5  Answering Defendants.

6        87.    Answering Paragraph 87, these Answering Defendants deny all allegations as

7  contained in this paragraph. These Answering Defendants deny that either Defendant Officer

8  Manny Torres or Defendant Officer Bill Boehm neglected to act with due care in their duties as a

9  peace officer. Moreover, Defendant Officer Torres and Defendant Officer Bill Boehm deny that

10  there was any wrongful conduct on their part. These Answering Defendants further deny that any

11  injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of

12  Answering Defendants.

13        88.    Answering Paragraph 88, these Answering Defendants deny all allegations as

14  contained in this paragraph. These Answering Defendants deny that either Defendant Officer

15  Manny Torres and Defendant Officer Bill Boehm neglected to act with due care in their duties as a

16  peace officer. Moreover, Defendant Officer Torres and Defendant Officer Bill Boehm deny that

17  there was any wrongful conduct on their part. These Answering Defendants further deny that any

18  injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of

19  Answering Defendants.

## FIRST AFFIRMATIVE DEFENSE

### (Negligence of Plaintiff Precludes Recovery)

22        As and for a First Affirmative Defense, Plaintiff was negligent, reckless and careless in and

23  about the matters alleged in the his Complaint, and such negligence, recklessness and carelessness

24  was the sole and/or contributing proximate cause of his alleged damages.  Therefore, Plaintiff is

25  either barred from any recovery, or any recovery awarded must be reduced in proportion to the

26  amount that Plaintiff's conduct contributed to the alleged damages.

27  ///

28  ///

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

- 19 -

## SECOND AFFIRMATIVE DEFENSE

### (Compliance with all Statutes, Regulations and Laws)

As and for a Second Affirmative Defense, all conduct of these Answering Defendants at the time alleged in Plaintiff's Complaint was lawful under applicable case law, statutes, and governmental rules, regulations, and standards.

## THIRD AFFIRMATIVE DEFENSE

### (Qualified Immunity)

As and for a Third Affirmative Defense, these Answering Defendants were government officials performing within the course and scope of their official duties at all times alleged in Plaintiff's Complaint. Furthermore, the actions of these Answering Defendants were undertaken with a reasonable belief that said actions were valid and constitutionally proper. Therefore, these Answering Defendants are entitled to qualified immunity. Plaintiff is barred by reason of the fact that these Answering Defendants are immune from prosecution under the claims and for the acts alleged by virtue of CALIFORNIA GOVERNMENT CODE section 800 *et seq.*, and more particularly but not limited to §§ 815, 815.4, 815.6, 818, 818.6, 818.8, 820.2, 820.4, 820.6, 820.8, and 835 *et seq.*, and by virtue of CALIFORNIA GOVERNMENT CODE §§ 900 *et seq.*

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

As and for a Fourth Affirmative Defense, Plaintiff failed to mitigate his alleged damages, if any such damages actually existed.

## FIFTH AFFIRMATIVE DEFENSE

### (Tort Liability Barred by Statutes)

As and for a Fifth Affirmative Defense, with regard to any attempts by Plaintiff to assert any state law claim, these Answering Defendants allege that any tort liability is barred by operation of CALIFORNIA GOVERNMENT CODE sections 815, 815.2, 818, 818.8, 820.2, 820.4, 820.6, 820.8, 821.6 and 822.2, and CALIFORNIA PENAL CODE sections 834a, 835, 835a and 847.

///

///

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Comply with California Tort Claims Act)

As and for a Sixth Affirmative Defense, as to Plaintiff's attempts to assert any state law claim, such claims are barred for failure to alleged compliance and the failure to actually comply with the claim requirement of the California Tort Claims Act.

## SEVENTH AFFIRMATIVE DEFENSE

### (Answering Defendants' Actions Privileged)

As and for a Seventh Affirmative Defense, these Answering Defendants' actions in investigating and addressing Plaintiff's allegations are privileged and immune from liability pursuant to all applicable code sections and case law, including but not limited to GOVERNMENT CODE section 810-996.6 inclusive, and the court's holding in *Nicole M. v. Martinez Unified School District*.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As and for an Eighth Affirmative Defense, Plaintiff is barred from recovering under any of the claims asserted in the Complaint by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Doctrine of Laches)

As and for a Ninth Affirmative Defense, Plaintiff is barred from recovering under any of the claims asserted in the Complaint by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

As and for a Tenth Affirmative Defense, Plaintiff is barred from recovering under any of the claims asserted in the Complaint by the doctrines of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

As and for an Eleventh Affirmative Defense, in the event that these Answering Defendants are held liable to Plaintiff, which liability is expressly denied, and any co-defendants are likewise

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

- 21 -

1  held liable, these Answering Defendants are entitled to a percentage contribution of the total

2  liability from said co-defendants, in accordance with the principles of equitable indemnity and

3  comparative contribution.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

6  As and for a Twelfth Affirmative Defense, Plaintiff's claims herein are barred by the

7  applicable statute of limitations, including but not limited to CALIFORNIA CODE OF CIVIL

8  PROCEDURE §§340, 340.5 and FEDERAL RULES OF CIVIL PROCEDURE Rule 15.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Other Defenses Not Presently Known)

11  As and for a Thirteenth Affirmative Defense, these Answering Defendants presently have

12  insufficient knowledge or information upon which to form a belief as to whether they may have

13  additional, as yet unstated, affirmative defenses.  Thus, these Answering Defendants reserve the

14  right to answer additional affirmative defenses in the event discovery indicates that it would be

15  appropriate.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

18  As and for a Fourteenth Affirmative Defense, The Complaint, and each and every claim

19  asserted therein, fail to allege facts sufficient to state a claim against these Answering Defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Waiver)

22  As and for a Fifteenth Affirmative Defense, Plaintiff has engaged in conduct and activities

23  sufficient to constitute a waiver of the alleged claims against these Answering Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Superseding Cause)

26  As and for a Sixteenth Affirmative Defense, the damages sustained by Plaintiff, if any, are

27  the result of actions of third parties constituting an intervening or superseding cause, precluding

28  any liability on the part of these Answering Defendants.

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

DEFENDANTS CITY OF ALBANY, OFFICER MANNY TORRES AND OFFICER BILL BOEHM'S ANSWER  TO PLAINTIFF'S FIRST
AMENDED COMPLAINT FOR DAMAGES

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Damages)

As and for a Seventeenth Affirmative Defense, Plaintiff has not suffered any damages or incurred any response costs as a result of any acts or omissions of these Answering Defendants. Therefore, Plaintiff is barred from asserting any claims against these Answering Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

As and for an Eighteenth Affirmative Defense, these Answering Defendants allege that each and every claim asserted by Plaintiff against these Answering Defendants is barred, in whole or part, because it would result in unjust enrichment to Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to State Sufficient Facts for Punitive Damages)

As and for a Nineteenth Affirmative Defense, Plaintiff has failed to state facts sufficient to justify the recovery of punitive damages. Accordingly, these Answering Defendants invoke the protection of CALIFORNIA CIVIL CODE § 3295.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

As and for a Twentieth Affirmative Defense, these Answering Defendants allege that Plaintiff voluntarily and knowingly and/or impliedly assumed the risk or risks attendant to the matters complained about in the Complaint, completely barring, or proportionateley reducing Plaintiff's right of recovery herein if any there be.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Good Faith/Frivolous Claim)

As and for a Twenty-First Affirmative Defense, these Answering Defendants allege that Plaintiff's actions against these Answering Defendants are not based on good faith, are frivolous, and entitles these Answering Defendants to receive reasonable expenses and attorney's fees.

///
///

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

DEFENDANTS CITY OF ALBANY, OFFICER MANNY TORRES AND OFFICER BILL BOEHM'S ANSWER  TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2

### (Business & Professions Code § 6146)

3    As and for a Twenty-Second Affirmative Defense, should Plaintiff recover any amounts in

4    this action Plaintiff's counsel's fees should be in accord with BUSINESS & PROFESSIONS CODE

5    section 6146.

6

## TWENTY-THIRD AFFIRMATIVE DEFENSE

7

### (Lack of Standing)

8    As and for a Twenty-Third Affirmative Defense, these Answering Defendants allege that

9    Plaintiff lacks standing to pursue the claims he alleges and seek the relief he has requested.

10

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

11

### (Public Defense)

12    As and for a Twenty-Fourth Affirmative Defense, these Answering Defendants allege that

13    Defendant Officer Manny Torres responded to Plaintiff's acts by doing only those acts that were

14    reasonably necessary for the defense and safety of the public and was justified in doing those acts.

15    The acts of Answering Defendants are the same acts of which Plaintiff complains.

16

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

17

### (Sovereign Immunity)

18    As and for a Twenty-Fifth Affirmative Defense, Plaintiff's claims are barred against these

19    Answering Defendants pursuant to the principals of Sovereign Immunity, including but not limited

20    to Amendment XI of the United States Constitution.

21

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

22

### (Failure to Exhaust Administrative Remedies)

23    As and for a Twenty-Sixth Affirmative Defense, Plaintiff was either given or had available

24    to him various administrative remedies as well as available due process for each of the alleged

25    deprivations of his constitutional rights and has therefore failed to state a claim upon which relief

26    can be granted thereunder.

27    ///

28    ///

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 24 -

1

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

2

### (Self Defense)

3  As and for a Twenty-Seventh Affirmative Defense, these Answering Defendants allege that

4  Defendant Officer Manny Torres responded to Plaintiff's acts by doing only those acts that were

5  reasonably necessary for the defense and safety of Defendant Officer Manny Torres and,

6  accordingly, was justified in doing those acts. The acts of Answering Defendants are the same

7  acts of which Plaintiff complains.

8

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

9

### (No Proximate Causation)

10  As and for a Twenty-Eighth Affirmative Defense, these Answering Defendants allege that

11  the acts, omissions, and/or conduct of Answering Defendants were not the proximate cause of the

12  losses, damages and/or injuries, if any, as alleged in Plaintiff's Complaint and which herein are

13  denied.

14

## TWENTY-NINTH AFFIRMATIVE DEFENSE

15

### (No Actual Causation)

16  As and for a Twenty-Ninth Affirmative Defense, these Answering Defendants allege that

17  the injuries, losses and damages, if any, as alleged in Plaintiff's Complaint and which herein are

18  denied, were not caused by any act omission or conduct by these Answering Defendants, but were

19  caused by some other act, omission or conduct over which Answering Defendants exercised no

20  supervision and control, and for which it was not responsible.

21

## THIRTIETH AFFIRMATIVE DEFENSE

22

### (Passive/Secondary Negligence)

23  As and for a Thirtieth Affirmative Defense, these Answering Defendants allege that

24  Plaintiff's Complaint and each and every cause of action stated therein are barred because if

25  Answering Defendants are found to have been negligent in any manner, its negligence could only

26  be passive and secondary while the negligence of persons other than these Answering Defendants

27  would be active and primary.

28  ///

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

DEFENDANTS CITY OF ALBANY, OFFICER MANNY TORRES AND OFFICER BILL BOEHM'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT FOR DAMAGES

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Consent)

As and for a Thirty-First Affirmative Defense, these Answering Defendants allege that Plaintiff acknowledged, ratified, consented to or acquiesced in the acts or omissions of these Answering Defendants, if any, as alleged in Plaintiff's Complaint and which hereby are denied. Thus, Plaintiff's acquiescence effectively bars Plaintiff from any relief as prayed for in the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, these Answering Defendants pray to be hence dismissed from this suit and:

1.    The Court give judgment for them;

2.    The Court award them costs of suit herein incurred;

3.    Plaintiff take nothing by his Complaint; and

4.    For such other and further relief as the Court may deem proper

## DEMAND FOR JURY TRIAL

These Answering Defendants hereby demand a jury trial.

Dated:  January 30, 2008                    BRADLEY, CURLEY, ASIANO, BARRABEE & GALE, P.C.

_____

LOREN B. HOPKINS
Attorneys for Defendants
CITY OF ALBANY and OFFICER MANNY
TORRES AND OFFICER W. (BILL) BOEHM

F:\DOCS\GH\7294\P\Amended Answer.wpd

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C.,
1100 Larkspur Landing
Circle, Suite 200
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

- 26 -

DEFENDANTS CITY OF ALBANY, OFFICER MANNY TORRES AND OFFICER BILL BOEHM'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

**PROOF OF SERVICE**
C.C.P. Section 1013a, C.C.P. Section 2015.5
*Meyer v. City of Albany*
U.S. District Court, Northern District of California
Case No. C 07-3755 JCS

I **DECLARE** that I am employed in the County of Marin, California. I am over the age

of eighteen years and not a party to the within entitled cause; my business address is 1100

Larkspur Landing Circle, Suite 200, Larkspur, CA 94939. On **January 30, 2008**, I served a true

copy of the attached:

**DEFENDANTS CITY OF ALBANY, OFFICER MANNY TORRES AND OFFICER W.
BOEHM'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
DAMAGES**

**DEMAND FOR JURY TRIAL**

on the involved parties in said cause, in the manner indicated as follows:

**Attorneys for Plaintiff**
Hunter Pyle, Esq.
Pamela Kong, Esq.
Sundeen Salinas & Pyle
1330 Broadway, Suite 1830
Oakland, CA 94612
Tel: (510) 663-9240
Fax: (510) 663-9241
E-Mail: hpyle@ssrplaw.com

[X]  **BY MAIL**: I placed a true copy thereof in a sealed envelope, with postage
thereon fully prepaid for first-class mail, in the designated outgoing mail
receptacle at Bradley, Curley, Asiano, Barrabee & Gale, P.C. for collection by
another employee who is responsible in the normal course of business, for
depositing the stamped envelopes for mailing this same day in the United States
Mail at Larkspur, California.

[ ]  **BY PERSONAL SERVICE VIA E-MAIL**: by transmitting via e-mail a true
and correct copy of the above-described document (s) to the e-mail address (es) of
the party (ies) listed on the attached mailing list.

[ ]  **BY FACSIMILE**: I personally sent to the addressee's telecopier number
indicated after the address(es) noted above, a true copy of the above-described
document(s) and verified transmission.

I declare under penalty or perjury that the foregoing is true and correct, and that this

Declaration was executed at Larkspur, California, on **January 30, 2008**.

Susan N. Ashton

F:\DOCS\GH\7294\P\POS.wpd