1  ANN M. ASIANO    (SBN 094891)
   LOREN B. HOPKINS  (SBN 219256)
2  BRADLEY, CURLEY, ASIANO, BARRABEE & GALE, P.C.
   1100 Larkspur Landing Circle, Suite 200
3  Larkspur, CA 94939
   Telephone: (415) 464-8888
4  Facsimile: (415) 464-8887

5  ama@professionals-law.com
   lhopkins@professionals-law.com
6
   Attorneys for Defendants
7  CITY OF ALBANY,
   OFFICER MANNY TORRES (erroneously sued herein as OFFICER MANNY TORREZ) and
8  OFFICER W. BOEHM

9
   HUNTER PYLE  (SBN 191125)
10 PAMELA KONG  (SBN 220912)
   SUNDEEN SALINAS & PYLE
11 1330 Broadway, Suite 1830
   Oakland, CA 94612
12 Telephone: (510) 663-9240
   Facsimile: (510) 663-9241
13
   hpyle@ssrplaw.com
14 pkong@ssrplaw.com

15 Attorneys for Plaintiff
   OLIVER MEYER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OLIVER MEYER, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF ALBANY, a public entity; OFFICER MANNY TORREZ #16; and DOES 1-10, Jointly and Severally, <br><br> Defendants. | No. **C 07 3755 JCS** <br><br> **PARTIES' UPDATED JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** <br><br> Date:     Friday, February 15, 2008 <br> Time:    1:30 p.m. <br> Crtrm:   A <br> Location: United States District Court <br> 450 Golden Gate Avenue <br> 15th Floor <br> San Francisco, CA 94102 |

- 1 -

**PARTIES' UPDATED JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**
MEYER v. CITY OF ALBANY et al., Case No. 07-3755 JCS

The parties to the above-captioned matter hereby submit the following Joint Case Management Statement in anticipation of the Case Management Conference set for October 26, 2007:

## I. SUBJECT-MATTER JURISDICTION

This action is brought pursuant to 42 USC sections 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 USC sections 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.

## II. CLAIMS AND DEFENSES

### A. PLAINTIFF'S ALLEGED CLAIMS

Plaintiff is a 24 year old writer and a student at San Francisco State University. Prior to the incidents described in this lawsuit, he had never been arrested or detained by any law enforcement personnel.

On April 15, 2007, at approximately 2:00 a.m., Plaintiff was walking with two friends in Berkeley, California. As Plaintiff was walking, a car pulled up behind him. Plaintiff turned to look at the car.

The operator of the car, later determined to be defendant OFFICER MANNY TORRES, then shone a bright spotlight on Plaintiff. Defendant OFFICER MANNY TORRES then got out of his vehicle and said "Hey you," and something else that Plaintiff could not understand.

Plaintiff responded, "What?" Defendant OFFICER MANNY TORRES again said, "Hey you," and words that Plaintiff could not understand. Plaintiff responded, "What? What's going on?"

Defendant OFFICER MANNY TORRES then approached Plaintiff. Plaintiff asked, "Are you detaining us?" Defendant OFFICER MANNY TORRES said, "Yes."

Plaintiff asked, "What for?" Defendant OFFICER MANNY TORRES did not respond. Instead, he grabbed Plaintiff by the arms, spun him around, and pushed him into the hood of defendant OFFICER MANNY TORRES' vehicle. Plaintiff did not resist defendant OFFICER MANNY TORRES. However, defendant OFFICER MANNY TORRES began to twist Plaintiff's

BRADLEY, CURLEY, ASIANO, BARRABEE & GALE, P.C., 1100 Larkspur Landing Circle, Suite 200 Larkspur, CA 94939 TEL (415) 464-8888 FAX (415) 464-8887

- 2 -

PARTIES' UPDATED JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
MEYER v. CITY OF ALBANY et al., Case No. 07-3755 JCS

arms in a manner that was calculated to cause Plaintiff pain and discomfort. Defendant OFFICER MANNY TORRES then lifted Plaintiff off the hood by his arms, and pushed him to his knees in the street. After Plaintiff was on his knees, defendant OFFICER MANNY TORRES pushed his face into the pavement, bruising and scraping Plaintiff's face.

Plaintiff then called out to his friends to call his mother.

Plaintiff did not resist defendant OFFICER MANNY TORRES. However, defendant OFFICER MANNY TORRES twisted Plaintiff's arms violently behind him. After defendant OFFICER MANNY TORRES twisted Plaintiff's right arm up and bent his wrist, Plaintiff cried out, "You are going to break my arm!" This cry was heard by his friends many feet away.

Defendant OFFICER MANNY TORRES continued to lift and twist Plaintiff's right arm. Plaintiff heard four loud pops and felt an intense pain as his right elbow broke due to the force that defendant OFFICER MANNY TORRES was applying. Plaintiff then began to shout in pain. However, defendant OFFICER MANNY TORRES continued to twist Plaintiff's right arm despite the fact that Plaintiff's elbow had broken.

Defendant OFFICER MANNY TORRES then turned to another APD officer who had arrived on the scene and said, "I think I broke his arm." Plaintiff again cried out in pain. Defendant OFFICER MANNY TORRES wrenched Plaintiff's right arm so that Plaintiff's forearm was pinned up against his upper arm behind Plaintiff's back. Defendant OFFICER MANNY TORRES then handcuffed Plaintiff by taking Plaintiff's left arm, placing it across Plaintiff's chest, and handcuffing Plaintiff's left wrist up and over Plaintiff's right shoulder to Plaintiff's right wrist. Plaintiff began to scream and shout because of the pain in his right arm. Despite his pleas, and the pleas of Plaintiff's mother and father who had arrived at the scene, defendant OFFICER MANNY TORRES refused to loosen or adjust the handcuffs.

Plaintiff was then taken by ambulance to Highland Hospital in Oakland, despite the fact that Alta Bates was only moments away. In the ambulance, Plaintiff begged to have the handcuffs taken off or adjusted. The officer riding in the ambulance refused. Plaintiff also asked for an ice pack for his elbow. These requests were denied.

///

BRADLEY, CURLEY, ASIANO, BARRABEE & GALE, P.C., 1100 Larkspur Landing Circle, Suite 200 Larkspur, CA 94939 TEL (415) 464-8888 FAX (415) 464-8887

- 3 -

PARTIES' UPDATED JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
MEYER v. CITY OF ALBANY et al., Case No. 07-3755 JCS

Plaintiff remained in handcuffs for more than thirty minutes after he arrived at Highland Hospital. In all, despite the fact that his elbow was broken, Plaintiff was in handcuffs for more than one and a half hours.

At Highland Hospital, Plaintiff was diagnosed as having a fractured right elbow. Plaintiff is right-handed. Since April 15, 2007, he has been unable to use his right hand. Among other things, he has been unable to type, write, or drive. Plaintiff has had to hire an assistant to help him with written examinations at San Francisco State University.

### B.   DEFENDANTS' DEFENSES

Defendants deny all factual and legal allegations as asserted or eluded to *supra*. Further, Defendants deny that any excessive force was ever used and deny that the detention of Plaintiff was unreasonable under the circumstances. Moreover, Defendant Officer Torres denies that there was any wrongful conduct on his part. Defendants further deny that any injuries sustained by Plaintiff on April 15, 2007 can be attributed to the acts or omissions of Defendants City of Albany and Officer Manny Torres. Defendants dispute causation and damages.

Additionally, Defendants allege the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
#### (Negligence of Plaintiff Precludes Recovery)

As and for a First Affirmative Defense, Plaintiff was negligent, reckless and careless in and about the matters alleged in the his Complaint, and such negligence, recklessness and carelessness was the sole and/or contributing proximate cause of his alleged damages. Therefore, Plaintiff is either barred from any recovery, or any recovery awarded must be reduced in proportion to the amount that Plaintiff's conduct contributed to the alleged damages.

### SECOND AFFIRMATIVE DEFENSE
#### (Compliance with all Statutes, Regulations and Laws)

As and for a Second Affirmative Defense, all conduct of these Answering Defendants at the time alleged in Plaintiff's Complaint was lawful under applicable case law, statutes, and governmental rules, regulations, and standards.

BRADLEY, CURLEY, ASIANO, BARRABEE & GALE, P.C., 1100 Larkspur Landing Circle, Suite 200 Larkspur, CA 94939 TEL (415) 464-8888 FAX (415) 464-8887

- 4 -

PARTIES' UPDATED JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
MEYER v. CITY OF ALBANY et al., Case No. 07-3755 JCS

### THIRD AFFIRMATIVE DEFENSE
### (Qualified Immunity)

As and for a Third Affirmative Defense, these Answering Defendants were government officials performing within the course and scope of their official duties at all times alleged in Plaintiff's Complaint. Furthermore, the actions of these Answering Defendants were undertaken with a reasonable belief that said actions were valid and constitutionally proper. Therefore, these Answering Defendants are entitled to qualified immunity. Plaintiff is barred by reason of the fact that these Answering Defendants are immune from prosecution under the claims and for the acts alleged by virtue of CALIFORNIA GOVERNMENT CODE section 800 *et seq.*, and more particularly but not limited to §§ 815, 815.4, 815.6, 818, 818.6, 818.8, 820.2, 820.4, 820.6, 820.8, and 835 *et seq.*, and by virtue of CALIFORNIA GOVERNMENT CODE §§ 900 *et seq.*

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

As and for a Fourth Affirmative Defense, Plaintiff failed to mitigate his alleged damages, if any such damages actually existed.

### FIFTH AFFIRMATIVE DEFENSE
### (Tort Liability Barred by Statutes)

As and for a Fifth Affirmative Defense, with regard to any attempts by Plaintiff to assert any state law claim, these Answering Defendants allege that any tort liability is barred by operation of CALIFORNIA GOVERNMENT CODE sections 815, 815.2, 818, 818.8, 820.2, 820.4, 820.6, 820.8, 821.6 and 822.2, and CALIFORNIA PENAL CODE sections 834a, 835, 835a and 847.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Comply with California Tort Claims Act)

As and for a Sixth Affirmative Defense, as to Plaintiff's attempts to assert any state law claim, such claims are barred for failure to alleged compliance and the failure to actually comply with the claim requirement of the California Tort Claims Act.

///
///

- 5 -

BRADLEY, CURLEY, ASIANO, BARRABEE & GALE, P.C., 1100 Larkspur Landing Circle, Suite 200 Larkspur, CA 94939 TEL (415) 464-8888 FAX (415) 464-8887

PARTIES' UPDATED JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
MEYER v. CITY OF ALBANY et al., Case No. 07-3755 JCS

## SEVENTH AFFIRMATIVE DEFENSE

### (Answering Defendants' Actions Privileged)

As and for a Seventh Affirmative Defense, these Answering Defendants' actions in investigating and addressing Plaintiff's allegations are privileged and immune from liability pursuant to all applicable code sections and case law, including but not limited to GOVERNMENT CODE section 810-996.6 inclusive, and the court's holding in *Nicole M. v. Martinez Unified School District*.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As and for an Eighth Affirmative Defense, Plaintiff is barred from recovering under any of the claims asserted in the Complaint by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Doctrine of Laches)

As and for a Ninth Affirmative Defense, Plaintiff is barred from recovering under any of the claims asserted in the Complaint by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

As and for a Tenth Affirmative Defense, Plaintiff is barred from recovering under any of the claims asserted in the Complaint by the doctrines of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

As and for an Eleventh Affirmative Defense, in the event that these Answering Defendants are held liable to Plaintiff, which liability is expressly denied, and any co-defendants are likewise held liable, these Answering Defendants are entitled to a percentage contribution of the total liability from said co-defendants, in accordance with the principles of equitable indemnity and comparative contribution.

///
///

- 6 -

PARTIES' UPDATED JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
MEYER v. CITY OF ALBANY et al., Case No. 07-3755 JCS

## TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As and for a Twelfth Affirmative Defense, Plaintiff's claims herein are barred by the applicable statute of limitations, including but not limited to CALIFORNIA CODE OF CIVIL PROCEDURE §§340, 340.5 and FEDERAL RULES OF CIVIL PROCEDURE Rule 15.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Other Defenses Not Presently Known)

As and for a Thirteenth Affirmative Defense, these Answering Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses. Thus, these Answering Defendants reserve the right to answer additional affirmative defenses in the event discovery indicates that it would be appropriate.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As and for a Fourteenth Affirmative Defense, The Complaint, and each and every claim asserted therein, fail to allege facts sufficient to state a claim against these Answering Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

As and for a Fifteenth Affirmative Defense, Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of the alleged claims against these Answering Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Superseding Cause)

As and for a Sixteenth Affirmative Defense, the damages sustained by Plaintiff, if any, are the result of actions of third parties constituting an intervening or superseding cause, precluding any liability on the part of these Answering Defendants.

///
///
///

BRADLEY, CURLEY, ASIANO, BARRABEE & GALE, P.C., 1100 Larkspur Landing Circle, Suite 200, Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 7 -

PARTIES' UPDATED JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
MEYER v. CITY OF ALBANY et al., Case No. 07-3755 JCS

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Damages)

As and for a Seventeenth Affirmative Defense, Plaintiff has not suffered any damages or incurred any response costs as a result of any acts or omissions of these Answering Defendants. Therefore, Plaintiff is barred from asserting any claims against these Answering Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

As and for an Eighteenth Affirmative Defense, these Answering Defendants allege that each and every claim asserted by Plaintiff against these Answering Defendants is barred, in whole or part, because it would result in unjust enrichment to Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to State Sufficient Facts for Punitive Damages)

As and for a Nineteenth Affirmative Defense, Plaintiff has failed to state facts sufficient to justify the recovery of punitive damages. Accordingly, these Answering Defendants invoke the protection of CALIFORNIA CIVIL CODE § 3295.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

As and for a Twentieth Affirmative Defense, these Answering Defendants allege that Plaintiff voluntarily and knowingly and/or impliedly assumed the risk or risks attendant to the matters complained about in the Complaint, completely barring, or proportionateley reducing Plaintiff's right of recovery herein if any there be.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Good Faith/Frivolous Claim)

As and for a Twenty-First Affirmative Defense, these Answering Defendants allege that Plaintiff's actions against these Answering Defendants are not based on good faith, are frivolous, and entitles these Answering Defendants to receive reasonable expenses and attorney's fees.

///
///

- 8 -

PARTIES' UPDATED JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
MEYER v. CITY OF ALBANY et al., Case No. 07-3755 JCS

BRADLEY, CURLEY, ASIANO, BARRABEE & GALE, P.C., 1100 Larkspur Landing Circle, Suite 200, Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Business & Professions Code § 6146)

As and for a Twenty-Second Affirmative Defense, should Plaintiff recover any amounts in this action Plaintiff's counsel's fees should be in accord with BUSINESS & PROFESSIONS CODE section 6146.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

As and for a Twenty-Third Affirmative Defense, these Answering Defendants allege that Plaintiff lacks standing to pursue the claims he alleges and seek the relief he has requested.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Public Defense)

As and for a Twenty-Fourth Affirmative Defense, these Answering Defendants allege that Defendant Officer Manny Torres responded to Plaintiff's acts by doing only those acts that were reasonably necessary for the defense and safety of the public and was justified in doing those acts. The acts of Answering Defendants are the same acts of which Plaintiff complains.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Sovereign Immunity)

As and for a Twenty-Fifth Affirmative Defense, Plaintiff's claims are barred against these Answering Defendants pursuant to the principals of Sovereign Immunity, including but not limited to Amendment XI of the United States Constitution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

As and for a Twenty-Sixth Affirmative Defense, Plaintiff was either given or had available to him various administrative remedies as well as available due process for each of the alleged deprivations of his constitutional rights and has therefore failed to state a claim upon which relief can be granted thereunder.

///

///

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C., 1100
Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 9 -

PARTIES' UPDATED JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
MEYER v. CITY OF ALBANY et al., Case No. 07-3755 JCS

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Self Defense)

As and for a Twenty-Seventh Affirmative Defense, these Answering Defendants allege that Defendant Officer Manny Torres responded to Plaintiff's acts by doing only those acts that were reasonably necessary for the defense and safety of Defendant Officer Manny Torres and, accordingly, was justified in doing those acts. The acts of Answering Defendants are the same acts of which Plaintiff complains.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Proximate Causation)

As and for a Twenty-Eighth Affirmative Defense, these Answering Defendants allege that the acts, omissions, and/or conduct of Answering Defendants were not the proximate cause of the losses, damages and/or injuries, if any, as alleged in Plaintiff's Complaint and which herein are denied.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Actual Causation)

As and for a Twenty-Ninth Affirmative Defense, these Answering Defendants allege that the injuries, losses and damages, if any, as alleged in Plaintiff's Complaint and which herein are denied, were not caused by any act omission or conduct by these Answering Defendants, but were caused by some other act, omission or conduct over which Answering Defendants exercised no supervision and control, and for which it was not responsible.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Passive/Secondary Negligence)

As and for a Thirtieth Affirmative Defense, these Answering Defendants allege that Plaintiff's Complaint and each and every cause of action stated therein are barred because if Answering Defendants are found to have been negligent in any manner, its negligence could only be passive and secondary while the negligence of persons other than these Answering Defendants would be active and primary.

///

BRADLEY, CURLEY, ASIANO, BARRABEE & GALE, P.C., 1100 Larkspur Landing Circle, Suite 200 Larkspur, CA 94939 TEL (415) 464-8888 FAX (415) 464-8887

- 10 -

PARTIES' UPDATED JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
MEYER v. CITY OF ALBANY et al., Case No. 07-3755 JCS

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Consent)

As and for a Thirty-First Affirmative Defense, these Answering Defendants allege that Plaintiff acknowledged, ratified, consented to or acquiesced in the acts or omissions of these Answering Defendants, if any, as alleged in Plaintiff's Complaint and which hereby are denied. Thus, Plaintiff's acquiescence effectively bars Plaintiff from any relief as prayed for in the Complaint.

### III. SUMMARY OF PROCEEDINGS TO DATE

This case was filed in the United States District Court for the Northern District of California on July 20, 2007. Defendants filed their Answer on September 17, 2007. On December 26, 2007, Plaintiff amended the complaint to add Officer William Boehm as a named defendant. On January 30, 2008, Officer Boehm waived service and appeared in the matter through the same attorneys representing the other Defendants.

Plaintiff has deposed the two named officers and conducted written discovery regarding these officers. Further, Plaintiff has conducted written discovery regarding these officers. At this time, Plaintiff does not anticipate conducting further written discovery. Plaintiff anticipates deposing approximately five additional individuals who arrived on the scene after the arrest at issue took place.

All three Defendants have appeared in the matter. Pursuant to the Court's order, Defendants completed the depositions of Plaintiff Oliver Meyer and the two witnesses, Vanessa Ta and Nicholas Pace. Defendants anticipate taking at least two or three depositions of individuals who arrived on the scene post arrest and possibly two depositions of individuals who were at the barbeque preceding the arrest. Further, Defendants intend to Demand an Independent Medical Examination from Plaintiff and depose all of Plaintiff's treating medical practitioners. It is also equally anticipated by Defendants that it will be necessary to depose the individuals whom Plaintiff has alleged provided him with driving, writing and typing services post-arrest.

In addition to further deposition discovery, Defendants anticipate propounding some written discovery in the form of Request for Admissions, Special Interrogatories and Requests for Production of Documents.

Further, and pursuant to Court order, the parties have prepared for mediation and will mediate on Friday, February 8, 2008 before the appointed mediator, Mr. Hodgkins.

## IV. PENDING MOTIONS

At present, there are no pending motions.

## V. EXPECTED MOTION PRACTICE

Plaintiff does not anticipate filing dispositive motions in this case.

Defendants hereby reserve their rights *vis-a-vis* the filing of any dispositive motions. At this time, Defendants are unable to make such representations without having participated in full blown discovery. Notwithstanding, Defendants may bring a Motion for Summary Judgment based upon the doctrine of *qualified immunity*.

## VI. NEW PARTIES

Plaintiff does not anticipate naming additional parties at this time.

## VII. EVIDENTIARY, CLAIM-CONSTRUCTION, AND CLASS CERTIFICATION HEARINGS

Not applicable.

## VIII. EVIDENCE PRESERVATION

The parties have taken reasonable steps to preserve evidence that is relevant to this case. There are three recordings which have been disclosed and provided to Plaintiff by Defendants. Defendants can demonstrate that this evidence has been preserved as well as establish a chain of custody.

## IX. DISCOVERY LIMITS

The parties propose discovery according to code (25 interrogatories, including subparts; unlimited requests for production and requests for admission) and up to ten depositions per side,

- 12 -

PARTIES' UPDATED JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
MEYER v. CITY OF ALBANY et al., Case No. 07-3755 JCS

subject to further stipulation or showing of good cause if, based on discovery conducted within these limits, the parties reasonably believe additional discovery is necessary.

## X. DISCLOSURES

The parties have fully meet and conferred and served their Initial Disclosures on October 19, 2007.

## XI. PROPOSED TRIAL DATE

The parties propose a trial date in early December 2008 and request that the pretrial dates be determined according to the Court's preferred intervals based upon the trial date and with input from the parties.

## XII. JURY DEMAND

Both parties timely demanded a jury trial in this matter.

## XIII. RELIEF SOUGHT

Plaintiff seeks the following damages in this case: economic damages, non-economic damages for emotional distress, and attorneys' fees.

## XIV. ADR PLAN

Per the Court's order, at the time of the Case Management Conference, the parties will have participated in a mediation before the appointed mediator, James Hodgkins, Esq. of the Oakland City Attorney's office on Friday, February 8, 2008.

## XV. MAGISTRATE JUDGE

All parties, including Defendant Officer Boehm have consented to the assignment of this matter to a Magistrate Judge.

## XVI. SERVICE LIST

For Plaintiff:

///

///

BRADLEY, CURLEY, ASIANO, BARRABEE & GALE, P.C., 1100 Larkspur Landing Circle, Suite 200 Larkspur, CA 94939 TEL (415) 464-8888 FAX (415) 464-8887

- 13 -

PARTIES' UPDATED JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
MEYER v. CITY OF ALBANY et al., Case No. 07-3755 JCS

HUNTER PYLE, SBN 191125
PAMELA KONG, SBN 220912
SUNDEEN SALINAS & PYLE
1330 Broadway, Suite 1830
Oakland, California 94612

Telephone:   (510) 663-9240
Facsimile:   (510) 663-9241

For Defendants:

ANN M. ASIANO, SBN 94891
LOREN B. HOPKINS, SBN 219256
BRADLEY, CURLEY, ASIANO, BARRABEE & GALE, P.C.
1100 Larkspur Landing Circle, Suite 200
Larkspur, CA 94939

Telephone: (415) 464-8888
Facsimile: (415) 464-8887

Respectfully submitted,

Dated: February 7, 2008

BRADLEY, CURLEY, ASIANO, BARRABEE & GALE, P.C.

_____
LOREN B. HOPKINS
Attorneys for Defendants
CITY OF ALBANY, MANNY TORRES (erroneously sued herein as OFFICER MANNY TORREZ) and OFFICER W. BOEHM

Dated: February 7, 2008

SUNDEEN SALINAS & PYLE

_____/S/_____
HUNTER PYLE
Attorneys for Plaintiff
OLIVER MEYER

- 14 -

**PARTIES' UPDATED JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**
MEYER v. CITY OF ALBANY et al., Case No. 07-3755 JCS

## CASE MANAGEMENT ORDER

The Updated Joint Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case, and the parties are ordered to comply with this Order. In addition, the Court orders the following:

DATED: _____, 2008      By: _____

HONORABLE JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF CALIFORNIA

F:\DOCS\GH\7294\P\JointCMCStmtLBH020708.wpd

BRADLEY, CURLEY,
ASIANO, BARRABEE &
GALE, P.C., 1100
Larkspur Landing
Circle, Suite 200
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 15 -

PARTIES' UPDATED JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER
MEYER v. CITY OF ALBANY et al., Case No. 07-3755 JCS